UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-46-RDM |
| | : | |
| PATRICK MONTGOMERY, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION TO REVOKE DEFENDANT'S PRETRIAL RELEASE

The government was notified on May 6, 2021 that on March 31, 2021 Patrick Montgomery was in possession of an illegal firearm—a .357 magnum handgun—in violation of his pre-trial conditions of release. The government requests that his conditions of release be revoked and he be detained pending trial.

### BACKGROUND

Patrick Montgomery was charged by Complaint on January 13, 2021 with illegally entering the United States Capitol building ("the Capitol") and disorderly conduct during the January 6, 2021 riots (ECF Doc. 1, Complaint). He was arrested four days later on January 17, 2021, in Littleton, Colorado. On February 2, 2021, Montgomery first appeared in the District of Colorado and was released with conditions (ECF Doc. 11, Rule 5(c)(3) Documents). He then appeared in D.C. in front of Magistrate Judge Robin M. Meriweather on February 5, 2021 via video and was ordered, among other things, "not [to] violate federal, state, or local law while on release," "do not commit any Federal or State crimes," and "[d]o not possess illegal firearms." (ECF Doc. 8, Order Setting Conditions of Release).

On April 16, 2021, a D.C. grand jury indicted Montgomery in a 10-count indictment for assaulting a Metropolitan Police Department officer, engaging in physical violence, illegally

1

entering the Capitol and Senate Gallery, obstructing an official proceeding, and disorderly and disruptive conduct that occurred at the Capitol on January 6, 2021. (ECF Doc. 23, Superseding Indictment). Montgomery was arraigned on those charges on April 21, 2021, and a status hearing is set for July 28, 2021.

On May 6, 2021, FBI Task Force Officer Michael Timmerman received an alert that on March 31, 2021 Montgomery used a handgun to shoot a mountain lion at a Colorado Parks and Wildlife ("CPW") park located in Denver, Colorado. Montgomery is a convicted felon and is prohibited by law to carry a firearm, including a handgun. *See* 18 U.S.C. § 922(g) ("It shall be unlawful for any person—who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition. . . ."); *see also* Colo. Rev. Stat. § 18-12-108 ("A person commits the crime of possession of a weapon by a previous offender if the person knowingly possesses, uses, or carries upon his or her person a firearm . . . subsequent to the person's conviction for a felony. . . ."). Montgomery was convicted of Robbery in 1996 and appears to have been sentenced to a six-year prison term for the crime.[1]

After receiving the notification, Officer Timmerman called the CPW officer who took the report. The CPW officer stated that on March 31, 2021, Montgomery notified CPW that he killed a mountain lion by shooting it with a .357 magnum handgun.[2] He provided the animal

---

[1] It also appears that Montgomery has been arrested at least 6 times for Driving Under the Influence (or some variation of that charge) and at least once for Failure to Appear. It is unclear whether any of those crimes are punishable by imprisonment for a term exceeding one year.

[2] By law, hunters must report the taking of a mountain lion within 48 hours and "the lion shall be personally presented by the hunter for inspection and sealing within five (5) days after the taking thereof." 2 CCR 406-2. The legal possession seal allows the hunter to possess, transport, tan or mount the animal. *Id.*

carcass to the CPW officer, who examined it and saw a bullet hole through the animal's skull that was consistent with a .357 magnum handgun.  The CPW officer ran a mandatory background check on Montgomery, which revealed that he is a convicted felon and is prohibited from possessing a firearm.

The shooting incident is not the first in which Montgomery violated local law while on pre-trial release in this case.  On January 25, 2021, Montgomery contacted CPW to have a bobcat sealed.  Montgomery admitted to the CPW officer that he and his dogs pursued the bobcat for approximately 11 miles and his dogs killed the bobcat, which violates local law.  *See* Exhibit 1 (Colorado Parks & Wildlife Case Report, Citation Number F253105).  CPW officers later learned that Montgomery's dogs had killed the bobcat after Montgomery knocked it out of the tree with a slingshot.  Neither the use of a slingshot nor allowing dogs to kill a bobcat is legal in Colorado.  When asked how the bobcat was killed, Montgomery provided conflicting stories and, after CPW seized the bobcat pelt, threatened to "press charges against the State of Colorado for taking [his] income." *Id.* at 2.  Ultimately, Montgomery was issued a citation and was charged with two offenses for the unlawful taking of the bobcat.  He has a hearing in that case on May 19, 2021.[3]

Given that Montgomery has repeatedly and flagrantly violated both state and federal law while on pre-trial release in this case—including by possessing and using a firearm—the Government respectfully requests that the Court revoke his release pending trial.

---

[3] Montgomery is not a novice hunter, who would be unfamiliar with wildlife regulations.  By his own admission, he is a professional hunting guide.  His company, PMonte Outdoors, offers hunting trips and guide services.  *See* https://www.pmonteoutdoors.com/ (last visited May 11, 2021).

**ARGUMENT AND LAW**

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release." Specifically, the Court is required to revoke a defendant's pre-trial release if, after a hearing:

> the judicial officer finds under § 3148(b)(1) that there is -- . . . (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that -- (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of another person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release.

*Id.* § 3148(b). Here, there is probable cause to believe that Montgomery violated both state and federal law by possessing a firearm despite being previously convicted of a felony offense. He admitted to shooting a mountain lion with a .357 magnum handgun. CPW also examined the carcass and saw a bullet hole through the skull consistent with Montgomery's account. It also appears unlikely that Montgomery will abide by any condition or combination of conditions of release, given that he already has violated the law twice during the four months that he has been on pre-trial release.

Montgomery has no respect for the Court's orders, just like he had no respect for law enforcement at the Capitol on January 6. Instead of peacefully protesting, he tried to grab a Metropolitan Police Department officer's baton, wrestled him to the ground for it, and then kicked the officer in the chest while wearing a boot. After the officer regained control of his baton, Montgomery stood up, and held up his two middle fingers at the officer.

Montgomery has flagrantly violated the law and has shown by his actions that he is unlikely to abide by Court orders. Accordingly, the government moves for revocation of Montgomery's pre-trial release conditions pursuant to 18 U.S.C. § 3148, et. seq.

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:   /s/ *Elizabeth C. Kelley*
      Elizabeth C. Kelley
      Assistant United States Attorney
      D.C. Bar No. 1005031
      United States Attorney's Office
      555 4th Street, N.W.
      Washington, DC 20350
      (202) 252-7238
      Elizabeth.Kelley@usdoj.gov