# EXHIBIT 1



# COLORADO PARKS & WILDLIFE
# REPORT OF INVESTIGATION

Case Number:    995-03-21
ROI Number:    ████ - R1

**Subject(s):**

| Type | First | MI | Last | DOB | CID |
|------|-------|----|----|-----|-----|
| Defendant | Patrick | S | Montgomery | ███████ | |
| Witness | ████ | | ████████ | | |

**Evidence Seized:**

| Seizure Tag# | Description | Location/Disposition |
|--------------|-------------|----------------------|
| 77757 | Montgomery's mountain lion hide and skull. Seized from Montgomery from Rough Country Taxidermy | CPW evidence freezer |
| 77758 | DNA sample off Montgomery's mountain lion hide | J. M███ evidence |
| 92471 | Court copies of Montgomery's case file received from NM Third Judicial Court CR 95-347. | J. M███ evidence |
| 92472 | Celebrite phone extraction of CWO M████'s I-phoneA1984 I-messages extracted by Inv. ████ S███ from CPW office in Denver | CPW evidence Denver LEU |
| 92473 | Scanned/electronic copy of complete case file received from NM Third Judicial Court, saved on thumb drive. CR 95-347. | J. M███ evidence |
| 92474 | Case photos and audio files burned to disc. | J. M███ evidence |

## NARRATIVE

**Summary of Contacts by Colorado Wildlife Officers from March 2020 through April 2021**



In March 2020, Colorado Parks and Wildlife (CPW) Investigator, Inv. ████ H████, received information from New Mexico Dept. of Game and Fish that Colorado resident and hunter, PATRICK MONTGOMERY (DOB ████████) plead guilty to three (3) counts of robbery, all third degree felonies, and was sentenced to 6 years in prison. This occurred in NM in 1996. Inv. H████ was provided a certified copy of the *Judgement, Sentence and Commitment to the Dept of Corrections* form from NM. Inv. H████ shared this information with Colorado Wildlife Officers (CWOs). This information was forwarded again to CWO M████ on 04/01/2021.

On 02/20/2020, CWO ████ D███ contacted MONTGOMERY in the field, along a forest service road dividing Teller and Douglas Counties, after he had harvested a bobcat. D███ completed a mandatory check, as required for bobcat hunters in Colorado. MONTGOMERY stated that he shot the bobcat in Teller County with his .357 pistol. Dodd inspected and sealed the bobcat. This information was shared with CWO M████ in April 2021. See *Dodd ROI bobcat FS 360.pdf*.

On 02/27/2020, CWOs D███ and ██████ K████ met MONTGOMERY at a CPW office to perform a mandatory check on a bobcat harvested by MONTGOMERY. MONTGOMERY harvested the bobcat in

1

Douglas County on 02/26/2020, which he stated he killed with his .357 pistol.  This information was shared with CWO M▓▓▓ in April 2021.  See *Kaknes ROI bobcat.pdf*.

**On 04/01/2021, CWOs M▓▓▓ and ▓▓▓▓ P▓▓ conducted a mandatory check of the mountain lion hide and skull harvested by MONTGOMERY**

On 03/31/2021, at approximately 12:25pm, CWO M▓▓▓ received a voice mail from ▓▓▓▓▓▓, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  ▓▓▓▓▓ stated that he had a mountain lion hunter that killed a lion near Sedalia and that the hunter needed to get the lion inspected and sealed.  The mountain lion hunter was MONTGOMERY.  CWO M▓▓ arranged to seal the lion that evening at ▓▓▓▓▓▓▓▓▓.

On 03/31/2021, MONTGOMERY texted CWO K▓▓▓ a photo of the lion that he harvested.  CWO K▓▓▓ forwarded that picture to CWO M▓▓▓.  All photos from this case are in the case file. See Montgomery and his lion below:



On the afternoon of 03/31/2021, CWO M▓▓▓ received a call from ▓▓▓▓▓ asking if the lion could be sealed on 04/01/2021 instead.  CWO M▓▓▓ agreed to meet at ▓▓▓▓▓▓▓▓▓ at 2pm, on 04/01/2021.

2

On 04/01/2021, at approximately 2pm, CWOs M███ and Hannah Posey met MONTGOMERY at ███ ████████████████████████████████████. ████████, ████████ and MONTGOMERY were present.

BACKGROUND: Mandatory checks are conducted for various game species, including mountain lions. Within five days of harvest, hunters must personally present their lion to a CPW office or officer for an inspection and seal. CPW personnel inspects the license, collects harvest information from the hunter, and collects biological data from the lion hide and skull. This includes collecting DNA samples from the hide and extraction and collection of one of the lion's premolar teeth. This tooth is then used to analyze the age of the lion. A thin metal seal, with a unique numeric identifier, is then placed on the mountain lion hide and must remain attached until the hide is tanned. Information from the hunter and the carcass of the lion is collected and submitted on either an electronic or paper Mandatory Check form.

During the mandatory check, ████████ stated that he was with MONTGOMERY on 03/31/2021, when MONTGOMERY killed the lion. Both ████████ and MONTGOMERY stated that MONTGOMERY shot the lion at least twice with a .357 pistol. CWOs M███ and P███ observed at least two entrance holes and one exit hole consistent with that of a pistol slug. Hemorrhaging around the bullet holes in the hide indicate the bullet wounds were not inflicted post mortem. See the pictures of the mountain lion hide and bullet holes below:

  

MONTGOMERY provided the following information to CWO M███ during the Mandatory Check:
- MONTGOMERY harvested the lion on the morning of 03/31/2021, north of the Indian Creek Campground in Douglas County.
- The lion was harvested near the Bear Creek drainage at Lat Long of 39.38786, -105.11176.
- MONTGOMERY hunted with his own dogs, he has four of them.
- C██████ was with MONTGOMERY the morning he killed the lion.
- Once the lion treed, MONTGOMERY shot the lion at least twice with his .357 pistol.
- MONTGOMERY hunts with a 160 grain bullet.
- MONTGOMERY has treed approximately 20 lions this year (2020 and 2021 lion hunting season), mostly in Game Management Unit (GMU) 51, in Douglas County.
- This lion was the 100th lion that he has caught over the last five years but this was the first he has personally shot.
- MONTGOMERY suspects that the male lion weighed approximately 170lbs.
- MONTGOMERY has the meat at his house and will process it himself.

3

MONTGOMERY presented a Colorado Identification Card. CWO M█████ asked MONTGOMERY if he had a valid driver's license and MONTGOMERY stated that his license had expired and that he was waiting to have a hearing with DMV. CWO M█████ asked if MONTGOMERY had driven himself to the taxidermist shop that day and MONTGOMERY stated that he did. CWO M█████ informed MONTGOMERY that he could not be driving without a valid driver's license.

DNA from the lion hide was collected and placed on Seizure Tag 77758.

Once the Mandatory Check form was completed, CWO M█████ had MONTGOMERY read over everything for accuracy and then MONTGOMERY signed the form. CWO M█████ took a picture of the form and sent it to MONTGOMERY's phone (████████) so MONTGOMERY would have record of it. The original Mandatory Check form is in the case file under *MontogomeryCheckForm.pdf*. See photo of form below:



CWOs M█████ and P█████ left the taxidermy studio shortly thereafter. *See* P█████ *ROI 995-03-21*. CWO M█████ had taken audio recording of this contact. It was saved as MontgomeryAApril12021WS400629.WMA.

**CWOs M█████ and P█████ phone conference with Inv. H█████ and CWOs from Douglas County**
After clearing from the mandatory check, CWOs M█████ and P█████ then had a phone conference with Inv. H█████ and CWOs from Douglas County. CWO M█████ was emailed a copy of the certified *Judgement, Sentence and Commitment to The Department of Corrections*, from the Third Judicial District Court from

Dona Ana County, in NM.  The document shows that in January 1996, the defendant, MONTGOMERY, plead to three counts of Robbery, each a third-degree felony.  See *Montgomery NM Court Records .pdf.* Copies of that document is below:

THIRD JUDICIAL DISTRICT COURT
COUNTY OF DONA ANA
STATE OF NEW MEXICO

FIL

'96 JAN -9

DIST.
T'ONA ANA

STATE OF NEW MEXICO,

              Plaintiff,

    vs.

PATRICK MONTGOMERY,                          No. CR-95-347

              Defendant.                     Judge Martin

                    JUDGMENT, SENTENCE, AND COMMITMENT
                      TO THE DEPARTMENT OF CORRECTIONS

        THIS MATTER having come before this Court for change of plea
on June 27, 1995, the Defendant appearing with his attorney,
David C. Serna, the Defendant having entered a plea of guilty to
the charges of Robbery (3 Counts) as charged in the Criminal
Information, each a third-degree felony, contrary to Section
30-16-2 NMSA 1978, said offenses occurring on or about
April 6, 1995, November 12, 1992, and November 19, 1992, the Court
having ordered a Pre-Sentence Report and having reviewed the
Pre-Sentence Report, the Court having ordered a sixty (60) day
Diagnostic Evaluation, and the Court having held a sentencing
hearing on January 9, 1996, the Court hereby finds:
        1.    That the Defendant's plea should be accepted;
        2.    That there are no mitigating or aggravating circumstances
which warrant the alteration of the basic sentence.
        IT IS THE JUDGMENT OF THIS COURT that the Defendant is guilty
of the crimes of Robbery (3 Counts), each a third-degree felony,
contrary to Section 30-16-2 NMSA 1978.
        IT IS THE SENTENCE OF THIS COURT that the Defendant be
committed to the New Mexico Department of Corrections where the
Defendant shall serve a term in the following manner:

                                 1

5

as to Count I:      three (3) years;

as to Count II:     three (3) years;

as to Count III:    three (3) years;

Count I and Count II shall run concurrently, and Count III shall run consecutively to Count I and Count II, for a total of six (6) years to be served by the Defendant in the New Mexico Department of Corrections, and upon completion of said sentence, the Defendant shall serve a term of two (2) years on parole.

IT IS RECOMMENDED to the New Mexico Department of Corrections, that the Defendant shall receive psychological counseling to address his anti-social disorder.

IT IS ORDERED that a condition of Defendant's parole be that he make restitution in the amount of three hundred sixty-eight and no/100 dollars ($368.00) to be distributed as follows:

Saltshaker Christian Bookstore - 1490 East Missouri, Las Cruces, NM    88001, in the amount of seventy-five and no/100 dollars ($75.00);

Flowerland - 2001 East Lohman, Las Cruces, NM  88001 in the amount of two hundred twenty-three and no/100 dollars ($223.00); and

Circle K Stores c/o Mark Vorzimmer - 906 E. Anderson Lane, Austin, TX   78752, in the amount of seventy and no/100 dollars ($70.00).

IT IS ORDERED that the Administrator of Dona Ana County Detention Center make arrangements to transport the Defendant to the New Mexico Department of Corrections Intake and Classification Facility to be delivered to the custody of the New Mexico Department of Corrections.

IT IS FURTHER ORDERED that the Defendant shall receive credit for fifty (51) days of pre-sentence confinement served by the Defendant in the Dona Ana County Detention Center from April 6, 1995, to the date he was released on bond, April 7, 1995, and for the duration of his Diagnostic Evaluation, from November 2, 1995, to December 19, 1995; the Defendant shall further receive credit for such post-sentence confinement served by the Defendant prior to

2

6

the Defendant's transfer to the New Mexico Department of Corrections.

The Defendant is advised by the Court of Defendant's right to appeal the judgment and sentence of this Court; that if Defendant is unable to pay the costs of an appeal, Defendant has a right to proceed with an appeal at the State's expense and at no cost to Defendant; further, that if any appeal is to be taken, it must be filed within thirty (30) days of the date of the filing of this Judgment, Sentence, and Commitment to the Department of Corrections.

_____
DISTRICT JUDGE

ADDRESS:                  ████████████████████████
DOB:                      ████████
POB:                      Albuquerque, NM
SSN:                      ████████
FBI No.:                  ████████
Marks/Tattoos:            Scar Rt. Knee 2" circle
Aliases:                  Patrick S. Montgomery
Booking Slip No.:         085983
Defense Attorney:         David C. Sierra

SUBMITTED & APPROVED BY:

_____
Bernadette Sedillo
Assistant District Attorney

APPROVED BY:

_____
David C. Sierra SERNA
Defense Counsel

ATTEST: CERTIFIED AS A TRUE AND CORRECT COPY
OF THE ORIGINAL FILE IN THIS OFFICE ON
JANUARY 9, 1941 (Date)

DISTRICT COURT CLERK,
Date 3/2/20  By _____ Deputy
Susana Tyfair

NEW MEXICO
D.C.
DONA ANA
COUNTY
THIRD JUDICIAL DISTRICT COURT
STATE OF

vic/95-548

7

THIRD JUDICIAL DISTRICT COURT
COUNTY OF DONA ANA
STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff,

  vs.

~~Robert Martinez~~,

    Defendant.

CR95-347

No. CR-94-094
Judge Martin

## FINGERPRINT AND PERSONAL IDENTIFICATION INFORMATION

| NAME: | HEIGHT: | COLOR OF EYES: |
|---|---|---|
| ALIASES: | WEIGHT: | COLOR OF HAIR: |
| SOCIAL SECURITY NO.: | DATE OF BIRTH: | PLACE OF BIRTH: |

| RIGHT THUMB PRINT | SIGNATURE |
|---|---|
|  | DEFENDANT |

I have reviewed the above information and it is correct to the best of my knowledge and I understand that this statement will be attached to the Judgment and Sentence or other Order issued in the above-referenced case.

1-9-96
_____
Date

_____
Signature - Defendant

EXHIBIT "1"

8

**On 04/01/2021, CWO M▮▮▮ contacted MONTGOMERY over the phone and MONTGOMERY admitted to being a convicted felon**

On 04/01/2021, at approximately 6:50pm, CWO M▮▮▮ contacted MONTGOMERY by phone (▮▮▮▮▮▮▮▮) to inquire about his felony convictions out of NM.  MONTGOMERY stated that he was convicted of felonies but that he had been granted a plea agreement from the courts that allowed him possession of firearms for the purposes of hunting and guiding.  MONTGOMERY did not have copies of those forms.

CWO M▮▮▮ told MONTGOMERY that he would need to provide her the court records showing documentation that he can possess firearms.  CWO M▮▮▮ gave MONTGOMERY the booking slip, case number, and defense attorney information off the copy of the *Judgement, Sentence, and Commitment to the Department of Corrections* form.  MONTGOMERY stated that he would contact the courts and locate the information.

From that phone conversation, MONTGOMERY stated the following to CWO M▮▮▮:

- MONTGOMERY's convictions occurred in 1996 when he was in college and was doing stupid stuff.
- He was convicted on strong arm robbery charges.
- He was knocking stores over to get travel money.
- Part of his plea agreement was that the charges did not carry firearm enhancements.
- It was written into the agreement that he could possess firearms while guiding or hunting.
- He is a professional hunting guide.  That is his career.
- He does not have any copies of any of the court records.
- He would not have signed the court order if it did not allow him to possess guns.
- His lawyer was very specific that it (allowing guns) be included in the plea agreement.

CWO M▮▮▮ told MONTGOMERY that she would have ▮▮▮▮▮▮▮▮, owner of ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮, hold the hide in the meanwhile.

MONTGOMERY stated that he did not understand why this was popping up now.  He stated that he has had so many different hunting licenses and so many encounters with Parks and Wildlife and did not understand why this was becoming an issue for him.  CWO M▮▮▮ stated that she understood and that Colorado had just recently received the information about the convictions from NM.

MONTGOMERY was going to work on obtaining the court records and then provide them to CWO M▮▮▮ once he received them.  They agreed to keep in communication.

CWO M▮▮▮ took audio recording of the phone conversation with MONTGOMERY.  It was saved as MontgomeryBApril12021WS400630.

**CWO M▮▮▮ seizes MONTGOMERY's mountain lion hide and skull**

On 04/02/2021, CWO M▮▮▮ went to ▮▮▮▮▮▮▮▮▮▮▮▮.  CWO M▮▮▮ asked ▮▮▮▮▮▮ if he was ok with keeping the hide there temporarily as MONTGOMERY acquired his documentation.

9

███████ stated that it was no problem.  CWO M████ placed Seizure Tag 77757 on the lion hide and skull and it was placed back in ███████'s freezer.

On 04/20/2021, CWO M████ removed MONTGOMERY's lion hide from ████████████████████ and placed it into a CPW evidence freezer.  MONTGOMERY and CWO M████ had communications of the location and disposition of the lion meat which CWO M████ asked MONTGOMERY to just hold onto, in his freezer at home, for the time being.

**On 04/14/21, CWO M████ received a text from Patrick MONTGOMERY regarding the status of his NM documentation**
On 04/14/21, CWO M████ received a text from MONTGOMERY that the courts in NM had pulled his records and were working on getting them mailed to him.  He later texted that he received information but it was not what he requested.  MONTGOMERY stated that he had hired his original attorney from his NM case to help him retrieve the court documents.  See *CelebriteExtraction995-03-21.pdf* for complete text communications.

**CWO M████ obtained copies of the felony case file from New Mexico and confirmed MONTGOMERY's felony convictions**
On 04/15/2021, CWO M████ contacted the Third Judicial District Court in New Mexico, via email,  to request a copy of MONTGOMERY's felony case file-Case No CR-95-347.

On 05/05/2021, CWO M████ received a mailing from the Third Judicial Court in New Mexico containing 74 pages regarding MONTGOMERY's New Mexico felony case.  The *Judgement, Sentence and Commitment to the Dept of Corrections* form, that Inv. H████ had shared previously, was one of the many documents contained within the mailing verifying MONTGOMERY's felony convictions.  CWO M████ observed nothing in the documentation allowing MONTGOMERY to possess a firearm.

The NM case file was placed on Seizure Tag 92471.  See *CR-95-347 Montgomery NM Case File.pdf*.  It was later scanned and saved electronically on a thumb drive on Seizure Tag 92473.  The scanning process automatically flipped a couple of the pages upside down.

**On 05/07/21 a Celebrite phone extraction of CWO M████'s phone was completed**
On the afternoon of 05/07/2021, CWO M████ met with CPW Investigator ████ S███.  A Celebrite phone extraction of CWO M████'s I-phone A1984 I-messages was completed.   This was placed on Seizure Tag 92472.

CWO M████ and MONTGOMERY (DOB ██████████) had been in communication via text from 04/01/21 through 05/05/21 regarding the seizure of MONTGOMERY's lion and communication regarding his felony convictions from New Mexico.  A report was generated containing this communication from MONTGOMERY's cell number of ██████████ to CWO M████'s cell phone of ██████████ from the Celebrite extraction.  See *CelebriteExtraction995-03-21.pdf*.

**MONTGOMERY and CWO M████ discuss the case**
CWO M████ made a copy of the file she received from the Third Judicial Courts in New Mexico.  This was mailed to MONTGOMERY on 05/10/2021.

10

That afternoon, CWO M⬛ received a message from MONTGOMERY to call. MONTGOMERY and CWO M⬛ spoke on 5/11/2021, at approximately 10am. MONTGOMERY stated that he, and his original attorney from the NM case, were unable to find any record through the courts regarding his allowance for firearms.

CWO McKee informed him that he would be receiving charges for possession of firearms by previous offender. MONTGOMERY stated that he would be accountable and cooperative.

**Violation:**
1) CRS 18-12-108(1) –Weapon Possession by Previous Offender, to wit: .357 pistol on the morning of 03/31/2021. (F6)

**Possible Violation:**
2) CRS 33-6-109(2) – Wildlife Illegal Possession. "It is unlawful for any person to have in his possession in Colorado any wildlife, as defined by the state or country of origin, that was acquired, taken, or transported from such state or country in violation of the laws or regulations thereof." (to wit: mountain lion on 03/31/21.)

**End of Report**



The above is true and correct

**Officer (print)**

**Badge**

**Signature**

05/11/2021

**Date**

11