IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 21-CR-00046-RDM |
| PATRICK MONTGOMERY and BRADY KNOWLTON, | § § § § | |
| *Defendants* | § | |

**DEFENDANTS' JOINT REPLY TO THE GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT TEN OF THE INDICTMENT**

TO THE HONORABLE RANDOLPH D. MOSS, UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

PATRICK MONTGOMERY and BRADY KNOWLTON, the Defendants in the above styled and numbered cause, by and through their respective, undersigned counsel, submit the following joint reply memorandum to the Government's memorandum in opposition (Doc. 41) to their Motion to Dismiss Count Ten of the Indictment (Doc. 39).

The Government falls into the trap — contrary to the reasoning and holding of the Ninth Circuit in *Ermoian* — of embracing the lay, rather than the legal understanding of the term "proceeding" defined in Section 1515 and as used in Section 1512. Under the Government's lay interpretation of what constitutes an "official proceeding," the Government could use Section 1512 to absurd ends to prosecute, as examples, any effort to corruptly obstruct action taken by the Congressional Award Board to give out an award, *see* 2 U.S.C. § 801, *et al.*, or a request for a report from the

1

Congressional Budget Office for changing revenue conditions related to some legislation. *See* 2 U.S.C. § 602.

Mr. Montgomery and Mr. Knowlton do not contest, as the Government describes it, the "formality" of the election certification proceedings or that it is a "solemn" occasion. However, it is not the same as a proceeding related to the administration of justice. A proceeding related to the administration of justice involves investigation and determinations of whether certain conduct violated the law. They are crucial decisions which can often result in a person's life and liberty being taken away from them by subjecting them to a criminal indictment, a conviction, and, most importantly, imprisonment.[1] Section 1512 was designed to protect against compromising *those* types of proceedings.

As proof of the distinction, Congress did not, as it did in 40 U.S.C. § 5104, proscribe the conduct and make it only punishable by imprisonment of up to six months (or five years when a weapon is involved), *see* 40 U.S.C. § 5109; it made it where a person would be subject to imprisonment for up to 20 years. *See* 18 U.S.C. 1512(c). In other words, while Congress intended to prohibit conduct obstructing its business within the Capitol (which it plainly did in 40 U.S.C. § 5104), recognizing the impact of its justicial business when that business could result in a person being deprived of their life and liberty, it chose to attach a much greater possible penalty to the corrupt

---

[1] Defendants recognize that, in addition to being deprived of life and liberty, proceedings related to the administration of justice can also include forfeiture proceedings and other civil proceedings. *See United States v. Friske*, 640 F.3d 1288, 1292 (11th Cir. 2011); *United States v. Burge*, 711 F.3d 803, 811–12 (7th Cir. 2013). However, as the court noted in *Burge*, regarding Section 1512(c)(2), "obstruction of justice are offenses against the integrity of the *judicial system*." *Id.* (emphasis added).

2

obstruction of those proceedings in Section 1512. *Id.*

This distinction, combined with (a) the plain meaning of the term "proceeding," (b) its use in the grammatical context of the "official proceeding" definition found in Section 1515, (c) the broader statutory context, (d) the legislative history, and even (e) the Department of Justice's own manual, all point to Section 1512's clear, intended purpose: to prohibit the corrupt obstruction of proceedings related to the administration of justice. That the indictment in this case does not allege that Defendants obstructed such a proceeding, combined with the fact that the Government cannot prove the same, requires that this Court dismiss Count Ten of the Indictment against the Defendants.

I. **There is ample authority to support that the "proceeding" allegedly obstructed must relate to the administration of justice. What does not exist is any precedent to support what the Government is trying to do here.**

The Government opened its response by mistakenly stating that Defendants were attempting to convince this Court "without authority" that the indictment must allege that the proceedings obstructed relate to the administration of justice. To the contrary, Defendants have pointed to several authorities to support that this is an essential element of the offense:

- Caselaw from multiple circuits that have interpreted the meaning of "official proceeding" as that term is defined in Section 1515, and used in Section 1512(c)(2), requiring that the proceeding obstructed relate to the administration of justice. *See United States v. Ermoian*, 752 F.3d 1165, 1171 (9th Cir. 2013); *United States v. Ramos*, 537 F.3d 439, 462–63 (5th Cir. 2008). *See also Flores v. Att'y Gen. United States*, 856 F.3d 280, 293–94 (3d Cir. 2017) (quoting *United States v. Tyler*, 732 F.3d 241, 247 (3d Cir. 2013)) (emphasis added) ("As a threshold matter, § 1512(c)(2) references 'any official proceeding,' not a judicial proceeding or the "the due administration of justice" as in § 1503. However,

3

this difference is immaterial under *United States v. Tyler*, which held that 'in any prosecution brought under a § 1512 provision charging obstruction of justice involving an 'official proceeding,' the government is required to prove a nexus between the defendant's conduct and a particular official proceeding *before a judge or court of the United States that the defendant contemplated*.").

- Caselaw that has considered this statute in various contexts related solely to the administration of justice. *See e.g. Arthur Andersen LLP v. United States*, 544 U.S. 696, 708, 125 S. Ct. 2129, 161 L. Ed. 2d 1008 (2005); *Burge*, 711 F.3d at 809; *United States v. Sampson*, 898 F.3d 287, 300 (2d Cir. 2018); *United States v. Young*, 916 F.3d 368, 386 (4th Cir.), cert. denied, 140 S. Ct. 113, 205 L. Ed. 2d 33 (2019).

- The Department of Justice's own interpretation of Section 1512 reflected in their Criminal Resource Manual. *See* CRIMINAL RESOURCE MANUAL, CRM 1729, Department of Justice. (Section 1512 "proscribes conduct intended to illegitimately affect the presentation of evidence in Federal proceedings or the communication of information to Federal law enforcement officers.").

- Consideration of other surrounding statutory provisions in Chapter 73. *See NASDAQ Stock Mkt., LLC v. Sec. & Exch. Comm'n*, 961 F.3d 421, 426 (D.C. Cir. 2020) (quoting *Util. Air Regulatory Grp. v. E.P.A.*, 573 U.S. 302, 321, 134 S. Ct. 2427, 189 L. Ed. 2d 372 (2014)) ("A statutory provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme[,] because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law.").

- The legislative history for the statute. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568, 125 S. Ct. 2611, 2626, 162 L. Ed. 2d 502 (2005) ("Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms."); SARBANES–OXLEY ACT OF 2002, Pub. L. No. 107-204, 116 Stat. 745; S. REP. NO. 107-146, at 2 (2002).

Everything about the prosecution of Defendants for violating Section 1512(c)(2) flies in the face of all this.[2]

---

[2] Even if the Court "harbored any doubt about this — that is, [it] were [] unable to find 'an unambiguous intent on the part of Congress'" from all these authorities, the Court could "turn to the rule of lenity to resolve the dispute." *United States v. Villanueva-Sotelo*, 515 F.3d 1234, 1246 (D.C. Cir. 2008) (quoting *United States v. West*, 393 F.3d 1302, 1311 (D.C.Cir.2005)); *see also Moskal v. United States*, 498 U.S. 103, 108, 111 S. Ct. 461, 112 L. Ed. 2d 449 (1990) ("[W]e have always reserved lenity for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to

What truly does not exist is any authority or precedent for what the Government is attempting to do here. An extensive search of judicial opinions and open-source material reveal that no federal prosecutor has ever attempted to bring a prosecution against an individual under Section 1512(c)(2) for corruptly obstruction a legislative proceeding. This includes in response to an instance where an individual was arrested and charged for obstructing the Senate judicial confirmation hearing for Supreme Court Justice Brett Kavanaugh. *See United States v. Barry*, No. MAG 18-00111 (RMM), 2019 WL 2396266, at *1 (D.D.C. June 5, 2019). In short, protests within the Capitol are not something new. While the events of January 6, 2021 were, in many ways, unprecedented, the nature of those events do not justify the Government's unprecedented attempts to prosecute the Defendants for conduct which the statute was not intended to reach.[3]

## II. While Mr. Knowlton may know what proceeding the Government alleges he obstructed, the indictment does not insure a grand jury found the critical element needed to prove a violation of the statute.

---

'the language and structure, legislative history, and motivating policies' of the statute."). The rule is "rooted in fundamental principles of due process which mandate that no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited." *Dunn v. United States*, 442 U.S. 100, 112, 99 S. Ct. 2190, 2197, 60 L. Ed. 2d 743 (1979) (citations omitted). In other words, a person must have reasonable notice of what conduct is prohibited. Most importantly, "[t]he rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos*, 553 U.S. 507, 514, 128 S. Ct. 2020, 2025, 170 L. Ed. 2d 912 (2008) (citing *United States v. Gradwell*, 243 U.S. 476, 485, 37 S. Ct. 407, 61 L. Ed. 857 (1917); *McBoyle v. United States*, 283 U.S. 25, 27, 51 S. Ct. 340, 75 L. Ed. 816 (1931); *United States v. Bass*, 404 U.S. 336, 347–349, 92 S. Ct. 515, 30 L. Ed. 2d 488 (1971)).

[3] It is also worth bearing that the Supreme Court has repeatedly stated that a statute implicating a person's First Amendment rights to free speech must be "narrowly drawn to define and punish specific conduct." *See Cantwell v. State of Connecticut*, 310 U.S. 296, 308, 60 S. Ct. 900, 905, 84 L. Ed. 1213 (1940); *Nat'l Ass'n for Advancement of Colored People v. Button*, 371 U.S. 415, 432, 83 S. Ct. 328, 337, 9 L. Ed. 2d 405 (1963) ("[G]overnment may regulate in the area only with narrow specificity"); *Americans for Prosperity Found. v. Bonta*, No. 19-251, 2021 WL 2690268, at *6 (U.S. July 1, 2021)("Narrow tailoring is crucial.").

The Government correctly notes in its response that Mr. Montgomery and Mr. Knowlton are "well aware" that the "proceeding before Congress" that the Government is prosecuting them for allegedly obstructing was the election certification proceedings. That, however, is not the primary problem with Count Ten of the indictment.

As Mr. Knowlton originally pointed out in his motion — and the Government failed to respond to — there is a constitutional guarantee implicated here: the Fifth Amendment's guarantee that a criminal defendant may only be prosecuted for offenses, the elements of which have been considered and found to exist by a grand jury such that the defendant may not be subject to multiple prosecutions for the same offense. *See United States v. Hillie*, 227 F. Supp. 3d 57 (D.D.C. 2017). It is this essential protection that prevents the Government from merely responding to a bill of particulars or amending the indictment. *See Russell v. United States*, 369 U.S. 749, 771, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962). There must be a showing that the grand jury found the essential element that the proceeding obstructed was not just any Congressional proceeding, but one related to the administration of justice.

It is telling that the Government makes no mention of or responds to the application of *Russell*. *Russell* provides an analogous scenario to the one presented here. *See id.* at 754–55, 764, 771–72. Like in *Russell*, where the indictment failed to allege a non-statutory element that goes to "the very core of the criminality" proscribed by the law, the indictment here is likewise defective. *See id.* By simply alleging that Defendants corruptly obstructed an "official proceeding before Congress," there is

nothing in the indictment to reflect that "the very core of the criminality" proscribed by Section 1512(c)(2) is implicated here. That the proceeding obstructed related to the administration of justice indeed goes to the "very core of the criminality" proscribed by Section 1512(c)(2).

In this case, the Government simply could have told the grand jury that the election certification was a "proceeding," incorrectly espousing the lay meaning of that term, to secure its indictment for a violation of Section 1512(c)(2). Because there are certain proceedings before Congress, such as a congressional committee acting in a capacity related to the administration of justice, that could arguably be protected from the criminal conduct proscribed by Section 1512(c)(2), but other proceedings, like other legislative action before the Senate or House of Representatives, which clearly do not, it is an essential element of the charged offense and necessary to be included in the indictment. Because it is not alleged here, this Court must dismiss Count Ten of the Indictment against the Defendants.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully requests this Honorable Court dismiss Count Ten of the Indictment against them.

Date: <u>July 11, 2021</u>   Respectfully Submitted,

RONALD SULLIVAN LAW, PLLC

by: <u>/s/ Ronald S. Sullivan Jr.</u>
RONALD S. SULLIVAN JR.
D.C.D.C. Bar ID 451518
rsullivan@ronaldsullivanlaw.com

1300 I Street NW
Suite 400 E
Washington, DC 2005

Telephone: (202) 935-4347
Fax: (617) 496-2277
MAYR LAW, P.C.

by: /s/ T. Brent Mayr
T. BRENT MAYR
Texas State Bar Number 24037052
D.C.D.C. Bar ID TX0206
bmayr@mayr-law.com

5300 Memorial Dr., Suite 750
Houston, TX 77007
Telephone:  713-808-9613
Fax:  713-808-9613

WAGNER PLLC

by: /s/ Camille Wagner
CAMILLE WAGNER
DC Bar No. 1695930
law@myattorneywagner.com

1629 K Street NW, Suite 300
Washington, DC 20006
(202) 630-8812

ATTORNEYS FOR THE DEFENDANT,
BRADY KNOWLTON

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

by: /s/ Dani Jahn
DANI JAHN
Assistant Federal Public Defender

625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-750

ATTORNEY FOR THE DEFENDANT,
PATRICK MONTGOMERY

8

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this reply was sent to Counsel for the Government, Elizabeth Kelley, on July 11, 2021, via CM/ECF and email.

/s/ T. Brent Mayr
T. BRENT MAYR
