UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-46-RDM |
| | : | |
| PATRICK MONTGOMERY, | : | |
| | : | |
| Defendant. | : | |

**UNOPPOSED MOTION TO ADJUST THE STATUS OF
MR. MONTGOMERY'S PRE-TRIAL RELEASE
TO PERMIT HIM TO BE PLACED ON A HOME CURFEW**

This Firm is counsel to defendant Patrick Montgomery and hereby submits this unopposed motion respectfully asking the Court to once further modify the conditions of his pre-trial release to permit Mr. Montgomery to be placed on a home curfew from 8:00 p.m. to 6:00 a.m., instead of home confinement. This application, as set forth below, is not opposed by the government or by U.S. Pretrial Services. If the Court grants this request, Mr. Montgomery has agreed that a further condition of his curfew shall be that he "shall not participate in any hunting-related activities in which he possesses either constructively or otherwise or is in the vicinity of dangerous weapons, including, but not limited to, firearms and knives, either personally or professionally. The defendant may also not hunt using animals such as dogs. All firearms and/or weapons to include hunting knives shall be removed from the home."

On June 2, 2022, the Court granted Mr. Montgomery's request to modify his conditions of release in order to permit him to work. *See* ECF No. 104. The United States Attorney's Office and U.S. Pretrial Services both have no objection to the instant request. In fact, Mr. Montgomery's Pretrial Services officer wrote in a recent email to the undersigned indicating that Pretrial Services "would be supportive of a reduction to curfew . . . [H]e has adhered fully to his current restrictions

for an extended period of time and secondly, at some point when one is not in custody it seems to reason they should be allowed to support themselves while living in the community (and while this can be done under a typical home detention, his type of employment is not typical)."

Mr. Montgomery runs and owns his own outdoor company. Mr. Montgomery's career is quite unconventional and involves, among other things: (1) training dogs in the Chatfield Dog park two-three times a week for swimming drills and exercise in the morning before it gets too hot, and getting the dogs used to interacting with other strange dogs for obedience; and (2) working in the Pike National Forest and/or the Indian Creek campground of U.S. Highway 67 called Rampart Range Road, where the dogs can put in twelve to fifteen mile runs for cardiovascular conditioning and to keep the pads on their feet and toes in shape. For those purposes, Mr. Montgomery needs at least four mornings per week where he can leave his house by 6:00 a.m.

On other days, Mr. Montgomery's work brings him to the plains of Eastern Colorado around the towns of Limon, Kiowa, Elizabeth, and Punkin Center, to scout out ranches for mule deer and antelope and to talk to private landowners to negotiate leases and hunting arrangements for his clients and outfitters that he books hunts for. He also, for work, visits the National Forest to look for deer and elk for his clients. These are usually all-day outings wherein Mr. Montgomery can cover approximately 250-350 miles a day driving the open country using his binoculars and spotting scope to look for and locate animals and watching them from a distance to see where they are feeding, where they are traveling to lay down for the day and the travel routes they use to travel back to feeding areas. The work also includes trying to determine the number of mature bucks in given areas so he can make recommendations and management plans for how many animals his clients need to have removed from their properties to keep the populations in balance with the habitat needs. During the heat of the day, he works to track down the ranchers and farmers where

he find the animals to discuss terms for leasing ground and gaining permission for his clients to access their ground for hunting. Many of his clients have to be located while they are mending fences, driving a tractor, or tending to their cattle.

Other days, he has clients that may require meetings discuss hunt details for bigger trips they want to plan to Alaska or Africa or some other far-off hunting destination.

Given the unusual nature of Mr. Montgomery's work, and the difficulties inherent in the tracking technology with his ankle monitor, we respectfully request that his conditions of release be modified to permit a home curfew of 8:00 p.m. and 6:00 a.m. subject to the above-referenced condition concerning weapons. As set forth above, undersigned counsel has conferred with the government and U.S. Pretrial Services, which does not oppose this request. The Court's consideration of this request is greatly appreciated.

Respectfully submitted,

/s Duncan Levin
Duncan Levin, Esq. (*pro hac vice*)
Levin & Associates, PLLC
44 Court Street, Suite 905
Brooklyn, New York 11215
(212) 330-7626
*Counsel for Patrick Montgomery*