# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-46 (RDM)** |
| **v.** | : | |
| | : | |
| **PATRICK MONTGOMERY and** | : | |
| **BRADY KNOWLTON,** | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR AN OCTOBER 3, 2022 TRIAL DATE

The United States of America, by and through the United States Attorney for the District of Columbia, hereby requests that the Court maintain the current trial date of December 12, 2022, and toll time under the Speedy Trial Act until that date rather than reschedule the trial for October 3, 2022, as requested by defendant Brady Knowlton.  Failure to maintain the current trial date and toll time until then would risk an unnecessary severance from co-defendant Montgomery that would require the Court to try this case twice, and would deny the government continuity of counsel.  As the government indicated at the  hearing in this matter on July 13, 2022, the proposed October 3, 2022, trial date will conflict with government counsel's availability and ability to prepare.  The current December 12, 2022, trial date properly balances the interests of the parties, including both defendants—defendant Knowlton will receive a speedy trial and defendant Patrick Montgomery will have adequate time to prepare his defense.  Defendant Knowlton's request to move-up the trial date by 70 days risks forcing a severance from his co-defendant, who has indicated that he wants to review all discovery before setting a trial date.

## Introduction and Background

Defendants Brady Knowlton and Patrick Montgomery are charged by indictment with

offenses related to crimes that occurred at the United States Capitol on January 6, 2021.  A complaint was filed against defendant Patrick Montgomery on January 13, 2021 and defendant Brady Knowlton on April 1, 2021.  ECF No. 1.  On April 16, 2021, Knowlton and Montgomery were charged in a ten-count Second Superseding Indictment (ECF doc. #23).  The charges all relate to the defendants' conduct, on January 6, 2021, when they and hundreds of others unlawfully entered the grounds of the Capitol and attacked law enforcement officers, in an effort to prevent Congress's certification of the 2020 Electoral College vote.  The defendants were together on the Capitol grounds, entered the Capitol building at the same time through the same entrance, entered the Senate Gallery together, confronted law enforcement officers together, and left the Capitol together.  In sum, the evidence against the two defendants is nearly identical.

On April 1, 2022, Duncan P. Levin noticed his appearance as the attorney for Montgomery. Shortly thereafter, on April 18, 2022, the government provided Mr. Levin with all discovery that had been provided to Montgomery's prior counsel.  Since then, the government has produced to both defendants' additional discovery including discovery from Global Productions 14, 15, 16, and 17 along with some additional case-specific materials.

On May 20, 2022, Knowlton first asserted a claim to a speedy trial.  ECF No. 100. Montgomery, on the other hand, consented to toll the speedy trial clock due to outstanding discovery and ongoing plea negotiations.  *Id*.  The Court directed the parties to file a joint status report to include proposed trial dates.  The parties were unable to reach a consensus on trial dates before the July 13, 2022 hearing.

At the July 13, 2022, status conference, counsel for Montgomery and Knowlton took opposing views.  Montgomery's counsel asserted that he does not want to set a trial date until he

gets all discovery.[1]  Knowlton's counsel stated that no matter what, the government should be ready for trial in a matter of weeks—if not days—and asserted his client's Sixth Amendment right to a speedy trial.  Neither defendant should be able to force a severance simply by taking opposing views that are not supported by the law.

### A.  Montgomery's Request for All Discovery

At the hearing on July 13, 2022, counsel for Montgomery, stated, "I don't see how Mr. Montgomery can say that he's ready to go to trial when there's still more [discovery] coming." 07/13/22 Hearing Tr. 8:6-8.  Counsel for Montgomery made clear to the Court that he did not want to set a trial date because Montgomery is entitled to *all* discovery before going to trial: "My client's preference is not to set a trial date until we get *all* the discovery." *Id.* 15:9-10 (emphasis added). The Court responded, "I mean, as I said before, I'm afraid if that's the case, we're never going to set a trial date."[2]   Counsel acknowledged that he is available in December 2022 and February 2023 for a trial.

### B.  Knowlton's Request for an Immediate Trial Date

Knowlton's counsel, on the other hand, irrespective of discovery, on July 13, 2022, abruptly requested an immediate trial date, even at one point stating that they would be ready for trial within two weeks of the July 13 hearing, despite not having filed any pre-trial motions or

---

[1] On July 28, 2022 in follow up to circulating a draft Scheduling Order, counsel for Montgomery wrote the government "Mr. Montgomery objects to setting a trial date before he has received all of the discovery in the case.  Please make note of the objection in the joint filing. Thank you."

[2] The Court had previously stated, "But I fear that if the approach here is let's wait until we have every last piece of discovery and then set a trial date, that there may never be a trial date set in this case. Because the Government for the next 10 years might be continuing to obtain cellphones or open source material, and it's a never ending process." Tr. 12:6-12.

presumably having prepared for such a quick trial date.  Tr. 33-34.[3]  Knowlton's counsel also objected to the government's suggestion of a February 2023 trial date, which was available for all counsel and the Court.

The Court then suggested a trial date of December 12, 2022, which was available for all parties. But counsel for Knowlton objected to the December date stating for the first time:

> We are asserting our Sixth Amendment right to a speedy trial and decline to waive it any further. We are ready to go as soon as October. In our conversations with the Government, it represented that it had trials in July, August, September and November of this year. We can go in October and are ready to go.

*Id.* 16:20-24.  Counsel misstated the government's availability in October.  For one, AUSA James Peterson, who has been assigned to this case nearly since its inception is beginning a trial on Wednesday, September 28, 2022, which will interfere with his availability and ability to prepare for a trial on October 3.  In addition, AUSA Kelley, who has been assigned to this case from the outset, informed the Court that her availability for a trial beginning in October is very limited due to trial commitments in September and November.  She indicated that she will be available for the December 12, 2022, trial date.

Upon learning of AUSA Peterson's schedule, the Court responded, "If Mr. Peterson is starting a trial on September 28th, I don't see how he could be available on the 3rd of October for a trial in front of me." *Id*. 20:13-16.   Counsel for Knowlton responded, "I am unaware of a Sixth Amendment carve out for a particular AUSA's preparation schedule," and asked again for an October date.  *Id.* 21:8-12.  The government responded that the STA specifically allows a Court to

---

[3] At the hearing, the Court stated to counsel, "Okay. You've got two weeks left in July to try the case, and to have any motions you want to file and to do any trial prep you want to do in July, if you're really truly objecting to tolling time between now and August 2nd." Tr. 18:19-22.  Counsel for Knowlton responded, "Understood . . . You'll definitely hear from us, Your Honor.  And there's no posturing, we don't consider a constitutional right as posturing." *Id.* 34:23; 35:2-4.  Knowlton's counsel never filed a motion requesting such a trial date.

continue a case and toll time due to continuity of government counsel. *Id.* 22:1-3. The Court then stated, "That was the reason I asked the question." *Id.* 10-11. The Court then invited Knowlton's counsel to file a brief related to the Sixth Amendment in case "there's something I'm not aware of," and scheduled trial for December 12, 2022.

On July 22, 2022, Knowlton's counsel filed a letter-brief that reiterated its unfounded position that continuity of counsel is irrelevant as part of a Sixth Amendment analysis and asked for an October 3, 2022, trial date, ignoring the Court's and parties' interest in keeping the co-defendants together for a single trial in December.

**ANALYSIS**

**A. The December 12, 2022, trial date will not violate Knowlton's speedy trial rights.**

As an initial matter, the need to maintain "continuity of counsel," whether for the government or the defense, and the need to adequately prepare for trial are bases for the court to grant a continuance and toll the generally strict time limits established by the Speedy Trial Act. Specifically, the act provides:

> The following periods of delay shall be excluded in computing the time within which the trial of any such offense must commence:
>
> . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. . . .
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> …

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, ***would unreasonably deny the defendant or the Government continuity of counsel***, or ***would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation***, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h) (emphasis added).

In this case, as set out above, the assigned prosecutors have worked on this case for a significant period of time, including AUSA Kelley who has handled the case from the outset. There are no other prosecutors who are assigned to the case or familiar with the details. Given that AUSA James Peterson has another trial beginning on September 28, and AUSA Kelley has conflicting trial responsibilities in September and November, it would be unreasonable and unfair to move the trial from December 12 to October 3.

Moreover, the statutory provisions set out above also permits the Court to grant a continuance, and toll the STA, where failure to do so "would deny . . . the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Prior to October 3, 2022, both prosecutors will be engaged in trials in other cases.  AUSA Elizabeth Kelley has a three-week sexual assault trial beginning on September 6 that is estimated to conclude by September 22.  An October 3 trial date would only provide one week between two significant trials, which is not nearly enough time to prepare for a trial of this import.  Meanwhile, AUSA Peterson will be beginning a trial on September 28.  It would be very difficult for both prosecutors to prepare for trial adequately while juggling other trials.

Moreover, there is no case law that supports Knowlton's claim that he has a right to a trial 70 days earlier than December 12 under the Sixth Amendment.  If anything, this "delay" is short compared to delays upheld by courts in other cases. *See, e.g.*, *United States v. Nordean*, No. 21-175 (TJK), 2022 U.S. Dist. LEXIS 111757 (18 months not uncommonly long); *United States v.*

*Taylor*, No. 18-cr-198 (JEB), 2020 U.S. Dist. LEXIS 232741, 2020 WL 7264070, at *8 (D.D.C. Dec. 10, 2020) (discussing delay of 30 months); *United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 202, (D.C. Cir. 2013) (three-and-a-half year delay upheld); *United States v. Bikundi*, 926 F.3d 761 (D.C. Cir. 2019) (delay of 18 months justified and did not violate defendant's Constitutional speedy trial rights). In his motion, Knowlton acknowledges that whether a prosecutor's office is "understaffed" or "over-burdened" "may [be] weigh[ed]" by the Court as part of its analysis. Mot. at 2 (citing *Strunk v. United States*, 412 U.S. 434, 436 (1973)). Here, the United States Attorney's Office for D.C. has charged more than 850 defendants with offenses resulting from the Capitol riot. These cases are in addition to the Office's other criminal cases. While the Office has added additional prosecutors to help with the Capitol riot caseload, the Office still remains "understaffed" by any reasonable measure. *Id.* Substituting counsel here would only add to the burden by forcing another trial team to put aside their current cases to get up to speed.

In arguing for an October 3, 2022, trial date, Knowlton places great emphasis on his claim that "Counsel was able to find no Sixth Amendment case that stands for the proposition that an individual prosecutor's schedule, without more, defeats a criminal defendant's right to a speedy trial under the Sixth Amendment." Mot. at 3. Knowlton's analysis is backwards. Courts throughout the country sets trial dates every day based, in part, on the government's and defense counsel's schedules. If Knowlton's arguments were correct, there would be an abundance of cases discussing dismissals of cases based on Sixth Amendment claims due to prosecutor schedules being considered. Instead, Courts and the STA have recognized that continuity of counsel and effective preparation are considerations that Courts may take into consideration.

Additionally, neither defendant will be prejudiced by a 70-day delay in the trial. In fact, defendant Montgomery has indicated that he needs additional time to review discovery, and

Knowlton has not identified any prejudice to him that will result from the brief delay.  Rather, he baldly asserts—without authority—that he has a "right" to a trial date that he chooses, despite the fact that he is not detained.

Finally, Knowlton provides no reason why the Court should overlook the plain language of the STA in this instance which supports a December 12, 2022, trial under the ends of justice. The STA specifically enumerates that a Court shall consider whether the failure to grant a continuance would result in in a miscarriage of justice, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself, and whether a failure to grant such a continuance would deny the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation.  18 U.S.C. § 3161(h)(7)(B) (i), (ii) and (iv).

## B.      Knowlton's Constitutional Speedy Trial Rights Are Not Violated

Courts evaluating constitutional speedy trial claims consider four factors: the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972), *see also United States v. Nordean*, No. 21-175 (TJK), 2022 U.S. Dist. LEXIS 111757 (Jun. 24, 2022) (finding no Constitutional speedy trial violation in 4 month continuance over one co-defendant's objection in multi-defendant Capitol riots prosecution).  In *Barker v. Wingo*, the Supreme Court further held:

> Closely related to the length of delay is the reason the government assigns to justify the delay. Here, too, different weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant.

407 U.S. at 531.  Here, again, the government has not asked for a December 12, 2022, trial date "in order to hamper the defense," but rather, because of the governments trial schedule, the enormous volume of discovery, as well as the need to adequately prepare.

Courts have considered the government's schedule and caseload in conducting a Constitutional Speedy trial analysis.  *See United States v. Bryant*, 417 Fed. Appx. 220, 221 (4th Cir. 2008).  In Bryant, the Fourth Circuit stated:

> The second factor is the reason for the delay. We have classified reasons for delay as "improper," "neutral," or "valid." *See United States v. Grimmond*, 137 F.3d 823, 828 (4th Cir. 1998). Improper reasons for delay weigh heavily against the government, neutral reasons weigh slightly against the government, and valid reasons weigh in favor of the government. *See id*. ***An example of a neutral reason is "an understaffed prosecutor's office." See id***. Here, the government frequently moved for continuances because this multi-defendant conspiracy case was complicated. The district court agreed that the case was complicated. Moreover, some of the delay was due to the court accommodating defense counsel's schedule. Ultimately, we consider the reason for the delay to be neutral, and weigh it slightly against the government.

*Id*. (emphasis added).   Accordingly, here, at worst, the government's reason under *Barker v. Wingo* should be accorded neutral weight.  *See also United States v. Sherman*, No. 4:21CR51 (RCY), 2022 U.S. Dist. LEXIS 105484 (EDVA, Jun. 13, 2022) ("Administrative difficulties are considered to be neutral reasons for delay").

Defendant Knowlton also relies heavily upon his request for Constitutional relief. Specifically, Knowlton argues:

> Mr. Knowlton repeats here what counsel stated at the status hearing: Mr. Knowlton seeks constitutional relief. His argument neither touches nor concerns putative statutory or administrative law rights that the government apparently purports to be co-extensive with the Sixth Amendment.

ECF No. 108, pg. 4.  The government notes, however, that a defendant's Constitutional speedy trial rights are largely co-extensive with his statutory rights under the STA.  Although no provision of the Speedy Trial Act was intended to bar any Sixth Amendment speedy trial claim, "it will be

an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to a speedy trial has been violated." *United States v. Saintil*, 705 F.2d 415, 418 (11th Cir. 1983), *quoting United States v. Nance*, 666 F.2d 353, 361 (9th Cir. 1981).

> ### C.  Defendant Knowlton should not be allowed to force a severance

Re-scheduling the trial for October 3, 2022, risks forcing a severance from co-defendant Montgomery given his position that he does not want to set a trial date until he has reviewed all discovery.  A severance here would be highly inefficient, requiring the Court to preside over two nearly identical trials. *See United States v. Gibbs*, 904 F.2d 52, 56 (D.C. Cir. 1990) ("[T]his court ... has repeatedly declared that joint trials may be preferred, given the heavy and increasing criminal case load in our criminal courts.").   The government notes that time excluded under the Speedy Trial Act for one co-defendant permits exclusion of time in cases involving the other co-defendants. *See United States v. Johnson*, Criminal No. 21-0332 (PLF) (Jul. 29, 2021), 2021 U.S. Dist. LEXIS 141329, 2021 WL 3207044 (D.D.C.) *citing United States v. Saro*, 24 F.3d 283, 292, 306 U.S. App. D.C. 277 (D.C. Cir. 1994) ("an exclusion applicable to one defendant applies to all codefendants").

Although no motion to sever has been filed, it is worth noting that Knowlton and Montgomery planned to travel to D.C. together, stayed in the same hotel, attended the former President's "Stop the Steal" rally together, walked to the Capitol together, chanted outside the Capitol together, stormed the Capitol together, entered the Senate Gallery together, confronted police officers together, and reconvened at the hotel afterwards together.   The government's evidence and witnesses against both defendants are nearly identical given that they were essentially inseparable on January 6.   To force a severance here would be unwarranted, particularly given

that Knowlton's only argument for an earlier trial date is that the "text" of the Constitution does not mention continuity of counsel as it relates to the prosecution.

## CONCLUSION

For the reasons given here, and in the government's opposition to the defendants' request stated on the record at the July 13, 2022 status conference, the government respectfully requests that the Court deny the defendants request for an October 3, 2022 trial date and maintain the current date of December 12, 2022, tolling time under the Speedy Trial Act until then.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By:

_____/s/ James D. Peterson_____
James D. Peterson
Special Assistant United States Attorney
Bar No. VA 35373
United States Department of Justice
1331 F Street N.W. 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
Mobile: (202) 230-0693
James.d.peterson@usdoj.gov

_____/s/   Elizabeth C. Kelley_____
Elizabeth C. Kelley
Assistant United States Attorney
United States Attorney's Office
D.C. Bar No. 1005031
555 Fourth Street, N.W.
Washington, DC 20530
Elizabeth.Kelley@usdoj.gov
(202) 252-7238