UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> PATRICK MONTGOMERY, <br><br>          Defendant. | Case No. 21-CR-46 (RDM) |

**MOTION *IN LIMINE* TO EXCLUDE
USE OF PRIOR CONVICTIONS**

NOW COMES Defendant, PATRICK MONTGOMERY, and files this motion *in limine* to exclude any use of Montgomery's prior criminal record pursuant to Federal Rule of Evidence 609. Mr. Montgomery anticipates that the Government will attempt to introduce evidence of his conviction for simple robbery that took place in 1995 and for which he completed his sentence in 2001. Although because Montgomery was released from confinement well over ten years ago the Government must give him "reasonable written notice of the intent to use [the prior conviction] so that the party has a fair opportunity to contest its use," FRE 609(b)(2), Montgomery makes this motion *in limine* in anticipation for the Government giving such notice.

### I. Montgomery's Conviction

Rule 609 applies if Montgomery elects to testify at his trial. In that event, the Rule establishes when a prior conviction can be used by the Government "to attack[ ] a witness's character for truthfulness by evidence of a criminal conviction." FRE 609(a).

Montgomery was convicted in January 1996 in New Mexico state court of three counts of robbery. He was sentenced to a prison term of six years to be followed by two years of probation. He was released from confinement in 1999, more than twenty years ago, and is no longer serving probation.

That is the only conviction for a crime "punishable … by imprisonment for more than one year," and he has not been convicted of a crime punishable by a sentence of one year or less that "required proving – or the witness's admitting – a dishonest act or false statement." It is, therefore, the only conviction that may be used to assail Mr. Montgomery's credibility if he testifies and whether it can actually be used is subject to Rule 609's requirements.[1]

As shown below, under that Rule, the conviction may not be used.

## II. Rule 609

Rule 609 provides:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> > (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> \* \* \*
>
> > (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> > (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.
>
> (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> > (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

---

[1] If the government advises that it intends to use for credibility purposes any conviction other than the 1995 robbery conviction – and to be clear it has not provided notice that it intends to use that – Montgomery reserves the right to challenge such use accordingly.

> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

In May 2023, Judge Contreras set out the scope of Rule 609's application:

> Under Federal Rule of Evidence 609, evidence of conviction of a crime punishable by imprisonment for more than a year "must be admitted" against a defendant-witness "if the probative value of the evidence outweighs its prejudicial effect." Fed. R. Evid. 609(a). Where more than ten years have passed since the witness's release from confinement, evidence of the conviction is admissible only upon a more demanding showing that its "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). Balancing probative value against prejudicial effect under Rule 609 "must not become a ritual leading inexorably to admitting the prior conviction into evidence," and the government bears the burden of showing "that the probative value of a prior conviction outweighs the prejudice to the defendant." United States v. Lipscomb, 702 F.2d 1049, 1063 (D.C. Cir. 1983) (en banc).

United States v. Kelly, No. 21-CR-0059 (RC) (D.D.C. May 2, 2023) (footnote regarding Rule 609(a)(2) omitted).

### III. Argument

As Judge Contreras noted, it is the government's burden to show the weighing of "probative value" against "prejudice" favors using the conviction in examining the defendant. In addition, for a conviction where the defendant's incarceration ended over ten years earlier, it is the Government's obligation to come forward with "specific facts and circumstances" to establish the "probative value." FRE 609(b)(1).

In United States v. Jackson, the D.C. Circuit provided a non-exclusive list of "factors pertinent to an inquiry into whether the probative value of the prior conviction outweighs its prejudicial effects[:] the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case." 627 F.2d 1198, 1209 (D.C. Cir. 1980).

1. **The 1996 Robbery Conviction**

    Montgomery was born in 1972. The robbery for which he was committed took place in 1995, when he was twenty-two years old.  He is now fifty-one.

    It is the government's burden to come forward with "specific facts and circumstances" concerning that conviction that it has any probative value in a jury's assessment of whether Montgomery is credible in his testimony.

    The probative value of Mr. Montgomery's prior convictions is substantially outweighed by their prejudicial impact. This is clear from consideration of the five Jackson factors:

    a. **The Nature of the Crime**

    The robbery was a crime for Montgomery's personal financial benefit.  Its nature bears little relationship to the nature of the crime for which he is being tried.  This is not to deny the seriousness of the allegations, but to note that with respect to the FRE 609 inquiry, it has no probity for his truthfulness as a witness.

    b. **The Time of the Conviction**

    The robbery conviction took place more than twenty-five years ago, when Montgomery was twenty-two years old.

    c. **The Similarity of the Past Crime to the Charged Crime**

    Again, as with the nature of the two crimes, there are no similarities between them.

    d. **The Importance of the Defendant's Testimony**

    Much of the government's proof concerning Montgomery's actions will be video recordings in which he appears. To defend itself, it is crucial that he be afforded a fair opportunity to explain those actions.

    e. **The Degree to which the Defendant's Credibility Is Central to the Case**

    Given the foregoing, Montgomery concedes that his credibility is important to the case.

## IV. Conclusion

For the foregoing reasons, Montgomery respectfully requests that the government be precluded from cross examining Montgomery regarding or otherwise introducing evidence of his conviction for simple robbery that took place in 1995 and for which he completed his sentence in 2001.

Dated: Brooklyn, New York
June 6, 2023

Respectfully submitted,

/s Duncan Levin
Duncan Levin, Esq. (pro hac vice)
Levin & Associates, PLLC
44 Court Street, Suite 905
Brooklyn, New York 11215
(212) 330-7626
*Counsel for Patrick Montgomery*