UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CASE NO. 21-cr-46 (RDM) |
| v. | : |
| | : |
| PATRICK MONTGOMERY, | : |
| BRADY KNOWLTON, and | : |
| GARY WILSON | : |
| | : |
| Defendants. | : |

**REPLY TO THE RESPONSE TO THE MOTION IN LIMINE TO
<u>PRECLUDE ENTRAPMENT RELATED DEFENSES</u>**

The government files this reply to the response to the government's motion in *limine* and requests, in light of the defendants' refusal to address the merits of the motion, that the Court treat the motion as defaulted or conceded.[1] The defendants do not respond to the legal or factual arguments contained in the motion but, rather, refuse to address the issues claiming that they have not yet filed notice of a public authority defense under Fed. R. Crim. Proc. 12.3. Defendants also claim that the pre-trial consideration of the motion, at this juncture, violates their right to remain silent and present a defense. The defendants are wrong, and the motion should be granted as defaulted or conceded, as well as on the merits.

**I.     Supplemental Procedural Background**

On or about April 28, 2023, the government provided defendants with a preliminary exhibit list identifying more that 127 video and electronic exhibits the government intends to introduce into evidence. *See* Exhibit A. Additionally, the government separately produced those exhibits to the defendants. *See* Exhibit B. Separately, the government produced, and re-

---

1 *See* District of Columbia District Court Local Rule LCvR 7(b) ("If such a [opposing points and authorities] memorandum is not filed within the prescribed time, the Court may treat the motion as conceded").

produced, dozens of additional video files potentially relevant to the defendants' case. While most, if not all, of those files are individually accessibly in "Global Discovery" and/or in the public domain, the government produced those videos as a courtesy and because many of them show the events and circumstances at the Upper West Terrace (UWT) door.

On May 23, 2023, the Honorable Judge Beryl A. Howell issued the Court's opinion in *United States v. Eicher*, No. 22-38 (BAH) (ECF No. 73) adding to the list of cases from this District establishing that a defendant has no right to raise an entrapment by estoppel, or public authority defense in the January 6, 2021 cases. In that case, the Court reaffirmed that the defendant has no right to raise a public authority defense, an entrapment by estoppel defense, and has no right to raise a "Mistake of Law or "Mistake of Fact" defense. *Eicher*, No. 22-38 (BAH), pg. 17. The *Eicher* decision is, perhaps, the most comprehensive review of the deficiencies of such a purported defense in the context of the January 6, 2021 cases.

## II. Defendants' Response to the MIL

Defendants claim that the government's motion is premature. Defendant cites no law in support of a claim that the Court cannot determine pre-trial that he is not entitled to a public authority, or entrapment by estoppel, claim. Defendant's cite to *United States v. Xiong*, 914 F.3d 1154, 1159 (8th Cir. 2019) undermines his later claim that his Fifth Amendment rights will be implicated by responding to a motion in limine where the Court questioned the defendant himself under oath about the contours of any such potential claim. *Xiong*, 914 F.3d at 1161 ("Xiong argues that the district court violated his Fifth Amendment right against self-incrimination by directly questioning him in the pretrial conference"). In fact, the Court's deadline for filing dispositive motions under Fed. R. Crim. Proc. 12(b)(3) is the date this filing is

2

due, effectively mooting any claim that the motion is premature. Motions *in limine* are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011) (*quoting Bradley v. Pittsburgh Bd. of Educ*., 913 F.2d 1064, 1070 (3d Cir. 1990)). The government presents these issues to the Court in an effort to prepare this case for an efficient trial.

The government also asks the Court to reject any claim by the defendants that they are entitled to submit pleadings *ex parte* to the Court. In the adversarial system more generally, courts disfavor *ex parte* and in camera proceedings. *See Ayestas v. Davis*, 138 S. Ct. 1080, 1091, (2018); *United States v. Microsoft Corp*., 56 F.3d 1448, 1464 (D.C. Cir. 1995) ("Ex parte communications generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires 'a reasonable opportunity to know the claims of the opposing party and to meet them.'" (citation omitted)). Perhaps as important, any claim of privilege is nonsensical in this context because any public authority or entrapment by estoppel claim would necessarily have to rely upon the statements of third-party public officials whose statements could not possibly be privileged.

The defendants made a calculated decision not to respond on the legal merits of the government's motion in limine. The government's motion should therefore be granted.

## **CONCLUSION**

For the reasons set forth herein, and in the government's initial filing, the government respectfully requests that this Court preclude improper argument or evidence related to (1) entrapment, (2) entrapment by estoppel, (3) any Public Authority defense, (4) and claim that law enforcement's alleged inaction rendered the defendant's actions lawful, and (5) any evidence or

3

argument relating to alleged inaction by law enforcement except to the extent that the defendants specifically observed or was otherwise aware of such conduct at the relevant time.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By:

        /s/ James D. Peterson
James D. Peterson
Special Assistant United States Attorney
Bar No. VA 35373
United States Department of Justice
1331 F Street N.W. 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
Mobile: (202) 230-0693
James.d.peterson@usdoj.gov


    /s/     Kelly E. Moran
Kelly E. Moran
Assistant United States Attorney
United States Attorney's Office
601 D Street NW
Washington, DC 20503
202-740-4690
Email: kelly.moran@usdoj.gov

       /s/ Karen E. Rochlin
Karen E. Rochlin
DOJ-USAO
99 Northeast 4th Street
Miami, FL 33132
305-961-9234
Email: karen.rochlin@usdoj.gov