UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PATRICK MONTGOMERY,<br><br>                    Defendant. | Case No. 21-CR-46 (RDM) |

**MOTION OF DUNCAN LEVIN, ESQ. TO WITHDRAW AS COUNSEL FOR DEFENDANT PATRICK MONTGOMERY**

Pursuant to Local Criminal Rule 44.5(d) of the Local Rules of this Court, Duncan Levin, Esq. respectfully moves this Court to withdraw as counsel for defendant Patrick Montgomery.

An irreconcilable conflict of interest has developed between undersigned counsel and Mr. Montgomery. Not only does this conflict create an ethical obligation for undersigned counsel to withdraw, it substantially affects Mr. Montgomery's constitutional right to the effective assistance of counsel. *See* U.S. CONST., amend. VI.

To be clear, Mr. Montgomery seeks absolutely no delay in the trial and has told undersigned that he will move expeditiously with respect to new counsel. A trial in this matter is not for at least another four months, which will allow Mr. Montgomery more than sufficient time to find substitute counsel.[1]

Furthermore, undersigned counsel has already reviewed with Mr. Montgomery the government's discovery production to date, filed relevant motions *in limine*, and consulted with Mr. Montgomery and counsel for the co-defendants substantively on other motions that are to be

---

[1] If Mr. Montgomery does not choose to bring on retained counsel, this Court could re-appoint Dani Jahn from the Federal Public Defender's Office for the District of Columbia who previously represented Mr. Montgomery to resume representing him.

filed.[2] There is not likely to be any significant delay caused by the Court granting this motion to withdraw, and Mr. Montgomery seeks no such delay. The genesis of this motion is very clearly and simply the development of this irreconcilable conflict between lawyer and client.

Rule 1.16 of the Rules of Professional Conduct of the District of Columbia Bar provides that a lawyer may withdraw from representing a client <u>inter</u> <u>alia</u> "if withdrawal can be accomplished without material adverse effect on the interests of the client." The Court has wide discretion in ruling on a motion to withdraw. *See Patterson v. Gemini Org.*, Ltd., No. 99-1537, 2000 WL 1718542, at *2 (4th Cir. Nov. 17, 2000). In this case, there is no adverse effect on Mr. Montgomery and he is ill served having counsel who is ethically conflicted from continuing to represent him.

Therefore, consistent with Local Criminal Rule 44.5(d), as well as Rule 1.16 of the Rules of Professional Conduct, undersigned counsel respectfully moves to withdraw as counsel.

Mr. Montgomery has been advised of his options with respect to obtaining other counsel and does not oppose this motion.

WHEREFORE, Movant respectfully requests that the Court enter an Order permitting him to withdraw as counsel of record for Defendant Patrick Montgomery. A proposed order is attached as Exhibit A.

Dated:  Brooklyn, New York
        June 19, 2023

---

[2] Mr. Montgomery was set to join co-defendants' substantive motions which are due June 20, 2023. In an abundance of caution, undersigned counsel has joined in a motion to extend the deadlines for filing motions so that, should this motion be granted, incoming counsel be afforded the opportunity to review those motions with Mr. Montgomery and either join the motions or supplement them. To be clear, these motions were set to be filed with the Court four months before trial, so any short delay in having incoming counsel review them and confer with Mr. Montgomery is unlikely to cause any delay in starting the trial in October.

Respectfully submitted,

\_\_\_\_\_/s Duncan Levin\_\_\_\_\_
Duncan Levin, Esq. (pro hac vice)
Levin & Associates, PLLC
44 Court Street, Suite 905
Brooklyn, New York 11215
(212) 330-7626
Counsel for Patrick Montgomery