UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-46 (RDM) |
| v. : | |
| : | |
| PATRICK MONTGOMERY, : | |
| : | |
| Defendant. : | |

**RESPONSE IN OPPOSITION TO THE MOTION IN LIMINE TO
PRECLUDE FELONY IMPEACHMENT [ECF No. 134]**

The government files this response in opposition to the Motion in Limine to exclude any use of Montgomery's prior criminal record pursuant to Federal Rule of Evidence 609. The prejudicial-probative factors outlined in *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980) weigh in favor of admitting the prior convictions to impeach. At a minimum, a compromise pursuant *United States v. Pettiford*, 238 F.R.D. 33, 42 (D.D.C. 2006) should permit the government to impeach the defendant with the fact that he has previously been convicted of three felony offenses for which he served six years in prison. The government agrees that motions *in limine* are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011) (*quoting Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990)).

**I.      Background**

Based upon a review of the criminal history information in its possession, defendant Montgomery was convicted of three counts of robbery (charged as armed robbery) on or about January 9, 1996.[1] Based upon a review of the same history information, the offense took place

---

[1] The government is trying to obtain the police reports associated with the robbery convictions, but has not yet obtained them. The government will supplement this response when it obtains the offense information.

on or about April 6, 1995.   According to history information reviewed, defendant Montgomery received two three-year consecutive prison sentences, for a total of six years incarceration and two years parole in New Mexico.

**II.     Argument**

If defendant Montgomery testifies at trial, the Government will seek to impeach his credibility with his prior felony convictions for three offenses of robbery.   Fed. R. Evid. 609 allows "for the admission of a defendant's prior convictions for purposes of impeachment, as long as the 'crime . . . was punishable by death or by imprisonment for more than one year' (that is, it was a felony), and 'the probative value of the evidence outweighs its prejudicial effect." *United States v. Ford*, 2016 U.S. Dist. LEXIS 6979 at *7 (D.D.C. Jan. 21, 2016), *quoting United States v. Moore*, 75 F. Supp. 3d 444, 453 (D.D.C. Dec. 15, 2014); Fed. R. Evid. 609(a)(1)). When weighing probative value and unfair prejudice under Rule 609, courts consider "the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case." *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980).   Moreover, although robbery "is generally less probative than crimes that involve deception or stealth," the offense "does involve theft and is a serious crime that shows conscious disregard for the rights of others," so it is more relevant to credibility "than, say, crimes of impulse or simple narcotics and weapons possession." *United States v. Jefferson*, No. 20-185 (JDB), 2021 U.S. Dist. LEXIS 248160 *; 2021 WL 6196988 (D.D.C., Dec. 20, 2021), *quoting United States v. Lipscomb*, 702 F.2d 1049, 1070-71 (D.C. Cir. 1983).

The factors identified in *Jackson* weigh in favor of admitting Montgomery's past robbery

convictions. *See Jefferson*, No. 20-185 (JDB), 2021 U.S. Dist. LEXIS 248160 \*; 2021 WL 6196988.   First, as discussed in *Jefferson*, a robbery conviction is relevant to credibility. Second, the time during which Montgomery was under legal restraint for the robbery, although greater than ten years, was less that twenty years from the date of the January 6, 2021 Capitol riot offenses.   Third, the crimes of robbery are dissimilar to the offenses for which he is currently charged, thus reducing the prejudicial effect of the offense.   Fourth, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case, weigh in favor of admitting the conviction for impeachment purposes because the defendant's intent is likely to be a central issue in the case.   Accordingly, the Court should admit the convictions to impeach, and deny the defendants motion in *limine* to preclude impeachment use of his prior felony offenses.   *See Jefferson*, No. 20-185 (JDB), 2021 U.S. Dist. LEXIS 248160 \*; 2021 WL 6196988 (allowing a defendant to be impeached with prior convictions to a 2016 robbery conviction and a 2015 grand larceny in a 2020 gun-possession case).

The government notes that the authority principally relied upon by defendant Montgomery, *United States v. Kelly*, No.: 21-0059 (RC) (D.D.C., May 2, 2023) ECF No. 60, involved a prior conviction for malicious disfigurement.   Nevertheless, the Court in *Kelly* recognized that "it also seems unfair to the Government to completely prevent it from presenting relevant impeaching evidence that would otherwise be admissible" and permitted the government to impeach the defendant with the sanitized statement that "the Government may impeach him with evidence of his prior conviction, but only up to eliciting that Defendant was convicted of a felony punishable by more than a year in prison, and that he received a sentence

3

of thirty months' incarceration for that offense." *Kelly*, No.: 21-0059 (RC) at 22 *quoting United States v. Pettiford*, 238 F.R.D. 33, 42 (D.D.C. 2006).   Therefore, the government also requests that, if the Court finds that the probative nature of the offense does not substantially outweigh the prejudicial effect, that the Court allow the government to impeach Mr. Montgomery should he take the stand with the fact that he has been convicted of three felony offenses for which he served a total of six years in prison.

## **CONCLUSION**

For the reasons set forth herein, the government respectfully requests that this Court deny defendant Montgomery's Motion in *Limine* and permit the government to impeach him should he testify with his three prior robbery convictions or, in the alternative, with the fact that he has been convicted of three felony offenses for which he served six years in prison.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By:

       */s/ James D. Peterson*
James D. Peterson
Special Assistant United States Attorney
Bar No. VA 35373
United States Department of Justice
1331 F Street N.W. 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
Mobile: (202) 230-0693
James.d.peterson@usdoj.gov

4

    */s/* *Kelly E. Moran*
Kelly E. Moran
Assistant United States Attorney
United States Attorney's Office
601 D Street NW
Washington, DC 20503
202-740-4690
Email: kelly.moran@usdoj.gov

    */s/ Karen E. Rochlin*
Karen E. Rochlin
DOJ-USAO
99 Northeast 4th Street
Miami, FL 33132
305-961-9234
Email: karen.rochlin@usdoj.gov

5