UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-46 (RDM) |
| v. : | |
| : | |
| PATRICK MONTGOMERY, : | |
| BRADY KNOWLTON, and : | |
| GARY WILSON : | |
| : | |
| Defendants. : | |

## MOTION TO INQUIRE INTO POTENTIAL CONFLICT

COMES NOW the United States of America, by and through undersigned counsel, and hereby files its request for an inquiry into the issue of a potential conflict of interest involving the attorneys for defendants Gary Wilson, Patrick Montgomery, and Brady Knowlton, and whether the facts require an appropriate hearing. On June 19, 2023, counsel for defendant Montgomery filed a motion to withdraw as counsel stating that an "irreconcilable conflict of interest has developed between undersigned counsel and Mr. Montgomery." ECF No. 137, pg. 1. As grounds in support thereof, the Government states that, based upon information and belief, defendant Knowlton is funding the defense for all co-defendants currently charged, as well as other interested parties with whom he is acquainted who have potential criminal liability for their conduct at the Capitol on January 6, 2021. Specifically, attorney David Finn initially represented both defendant Knowlton and defendant Wilson.[1] Attorney Levin initially represented an uncharged potential co-defendant and then represented defendant Montgomery. He now seeks to withdraw based upon an unarticulated conflict. The government has no information whether defendant Knowlton is, or

---

[1] Although not expressly conceding or denying that defendant Knowlton is paying defendant Wilson's attorneys' fees, counsel for defendant Wilson acknowledged that he discussed conflicts of interest with his client, and said that he had no objection to the Court reviewing the matter for any potential conflict of interest.

will, pay for representation of defendant Montgomery's potential new counsel. If he will, the Court should explore the nature of any potential conflict.

## BACKGROUND

On or about April 5, 2021, defendant Knowlton was arrested for his participation in the events of January 6, 2021. ECF Nos. 5 and 6. Shortly thereafter, attorney David Finn moved to be admitted *pro hac vice* to represent defendant Knowlton. See ECF Nos. 7-10. Thereafter, on or about September 9. 2021, attorney Finn tried to enter his appearance as counsel for defendant Wilson. *See United States v. Wilson*, 1:21-mj-00596-RMM-1, ECF No. 7. The government filed a motion to inquire into potential conflicts and thereafter the Court appointed attorney Cooper to represent defendant Wilson. *Id.*

Subsequently, on April 1, 2022, attorney Levin entered his appearance on behalf of defendant Montgomery.



**LEGAL STANDARD**

While it is clear that a criminal defendant generally has a constitutionally protected right to choose his own counsel, as contemplated by the Fifth and Sixth Amendments, *see Wheat v. United States*, 486 U.S. 153, 158, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988), the right to proceed to trial with counsel of one's own choosing is not absolute, *see United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006). "A defendant's right to counsel under the Sixth Amendment includes the right to be represented by an attorney who is free from conflicts of interest. *See Wood v. Georgia*, 450 U.S. 261, 271 (1981), *Holloway v. Arkansas*, 435 U.S. 475, 481-82, (1978); *United States v. Levy*, 25 F.3d 146, 156 (2d Cir. 1994); *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982); *Wheat*, 486 U.S. at 158 ("We have recognized that multiple representation of criminal defendants engenders special dangers of which a court must be aware"). *See also United States v. Lopesierra-Gutierrez*, 708 F.3d 193 (D.C. Cir. 2013), *United States v. Flynn*, 411 F. Supp. 3d 15 (D.D.C. 2019). Moreover, when a conflict situation becomes apparent to the government, the government has a duty to bring the issue to the court's attention. *See United States v. Tatum*, 943 F.2d 370, 379–80 (4th Cir. 1991). When the trial court knows or reasonably should know of the possibility of a conflict of interest, it has a threshold obligation to determine whether the attorney has an actual conflict, a potential conflict, or no conflict. *United States v. Kliti*, 156 F.3d 150,152 (2d Cir. 1998). In fulfilling this initial obligation to inquire into the existence of a conflict of interest, the trial court may rely on counsel's representations. *Levy*, 25 F.3d at 153.

Moreover, the issue of payment of attorney's fees also has the potential for creating a conflict of interest. *United States v. Joyce*, 330 F. Supp. 2d 527 (E.D. Pa. 2004). "[W]here one defendant is paying for both lawyers . . . it would place the lawyer representing the non-paying defendant in a situation of having divided loyalties." *Joyce*, 330 F. Supp. 2d at 531, *citing Wheat*,

3

486 U.S. at 160. In *Wheat*, the Supreme Court held:

> we think the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses …. The evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court.

*Wheat*, 486 U.S. at 163-164, *cited in Joyce*, 330 F. Supp. 2d at 531.

The D.C. Bar's Rules of Professional Conduct also advise caution in this area. Rule 1.7 contains the general rule regarding conflicts of interest. Rule 1.7(b)(4) places particular requirements on a representation where "[t]he lawyer's professional judgment on behalf of the client will be or reasonably may be adversely affected by the lawyer's responsibilities to or interests in a third party or the lawyer's own financial, business, property, or personal interests." In such a situation, the attorney may represent a client only if "(1) Each potentially affected client provides informed consent to such representation after full disclosure of the existence and nature of the possible conflict and the possible adverse consequences of such representation." Rule 1.7(c)(1). In addition, the attorney must also "reasonably believe" that he or she will be able to provide "competent and diligent representation." Rule 1.7(c)(2).

Here, the government wants to make the Court aware of the possibility that defendant Knowlton is paying the fees of all co-defendants' attorneys for any possible inquiry the Court wants to make *ex parte* of the parties. The government notes that attorney Finn previously represented both defendant Knowlton and defendant Wilson in this matter. Further, based upon information, belief, and discussions with counsel for Mr. Wilson, defendant Knowlton is currently paying the attorneys' fees of defendant Wilson. If Knowlton is paying the attorneys' fees for defendant Wilson, it is possible that he is paying defendant Montgomery's attorneys' fees as well. The government further notes that defendant Montgomery's previous attorney is from New York,

4

and previously represented an uncharged co-defendant, even though neither Montgomery nor the previously uncharged defendant are from New York.

The government is not currently moving to disqualify any counsel from representing defendants Knowlton, Montgomery, or Wilson because it does not know whether an actual or potential conflict exists, or whether Knowlton, Montgomery, and Wilson consent, or can consent, to the representation.

The government respectfully requests that the court inquire into the status of counsels' representation of Wilson and Montgomery in order to properly address the potential conflict of interest, and if the Court determines the need, conduct an appropriate hearing to include Knowlton.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC BAR NO. 481052

By: /s/ James D. Peterson
JAMES D. PETERSON
Bar No. VA 35373
United States Department of Justice
1331 F Street N.W. 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
James.d.peterson@usdoj.gov

 /s/   Kelly E. Moran
Kelly E. Moran
Assistant United States Attorney

United States Attorney's Office
601 D Street NW
Washington, DC 20503
202-740-4690
Email: kelly.moran@usdoj.gov

 */s/ Karen E. Rochlin*
Karen E. Rochlin
Assistant United States Attorney
DOJ-USAO
99 Northeast 4th Street
Miami, FL 33132
305-961-9234
Email: karen.rochlin@usdoj.gov