UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| PATRICK MONTGOMERY, | )    1:21-cr-00046-RDM- |

MOTION TO DISMISS SUPERCEDING INDICTMENT FOR UNCONSTITUTIONAL RETALIATION

COMES NOW the Defendant, Patrick Montgomery, by undersigned counsel, with this motion to dismiss the recent superceding indictment for (1) unlawful and unconstitutional retaliation against Montgomery for refusing to accept the government's plea offer.

**Introduction.**

On Jan. 13, 2021, just one week after Jan. 6, the government charged Montgomery with two misdemeanor crimes: 18 U.S.C. 1752 (a)(1) (Knowingly Entering or Remaining in any Restricted Building or Grounds) and 40 U.S.C. 5104(e)(2)(G) (Disorderly Conduct on Capitol Grounds). Montgomery was arrested for doing what hundreds of others did on Jan. 6: entering the U.S. Capitol and walking around the building in a demonstration over the 2020 presidential election.

Eight days later, on January 21, 2021, the government issued a new information against Montgomery (ECF #3). The new charging instrument added three additional misdemeanor charges: "Entering and Remaining in the Gallery of Either House of Congress," in violation of 40 U.S.C. § 5104(e)(2)(B)), "Violent Entry and Disorderly Conduct at the Grounds and in a Capitol Building," in violation of 40 U.S.C. § 5104(e)(2)(D)), and "Parading, Demonstrating, and Picketing in a Capitol Building," in violation of 40 § 5104(e)(2)(G)).

The Statement of Facts (ECF#1-1) had not been supplemented, amended, or altered.

Four months later, on April 2021, the government issued a superceding indictment (ECF#23), joining Montgomery with two other defendants and doubling his charges to ten. As with the five-count information filed on January 21, there were no new factual allegations whatsoever. Yet now Montgomery was facing up to twenty years in federal prison.

Throughout the months that followed, Montgomery was subjected to varying and often increasing conditions of home confinement, impositions of ankle monitoring, and other conditions. (Again, all apparently based on the facts described in the Statement of Facts filed on January 13.)

On December 1, 2021, a second superceding indictment was filed (to fix the false representation in the earlier indictment that Vice-President-Elect Harris was a victim of Montgomery on Jan. 6 (ECF #74). The government faced no inquiry, no sanctions, and no investigation regarding its earlier, false, sworn assertions to federal grand juries.

Then on August 19, 2022, the government issued a third superceding indictment, adding an additional count against codefendants and thus bringing the total to eleven counts (ECF #115).

This was Montgomery's fifth (5th) charging instrument. A docket journey that began with two misdemeanors for going inside the Capitol on Jan. 6 is now a major prosecution of ten charges, including one charge carrying a potential 20 years in prison.

**There is a pattern of the United States significantly increasing charges upon Jan. 6ers who turn down plea offers.**

The government's response to Montgomery is the tip of an iceberg. It appears to be the regular practice of federal prosecutors in Jan. 6 cases. See, e.g., United States v. Speed, 22-cr-244 (TNM), United States v. Miller, 21-cr119 (CJN), United States v. Barnett, 21-cr-38 (CRC), United States v. Irwin, 21-cr-589 (RDM); United States v. Kelly, 21cr 708, United States v. Pezzola; United States v. Ryan Samsel; United States v Neely, United States v. Mark Sahady, United States

v. Rachael Powell, United States v. Deborah Lee, United States v. Christopher Alberts, United States v. Kenneth Joseph Thomas.

**Legal standard.**

**The government cannot retaliate against defendants for exercising a constitutional right.**

It is a violation of the due process clause for the government to retaliate against defendants who choose to exercise their constitutional rights. In *United States v. Velsicol Chemical Corp.*, 498 F. Supp. 1255 (D.D.C. 1980), Judge Parker ordered dismissal of an indictment used as retaliation by the DOJ against a defendant where the United States threatened the defendant with new charges if the defendant didn't plead guilty. The defendant angered federal prosecutors by declining to plead guilty; instead pleading no contest and refusing to 'confess' to the allegations.

Vindictiveness principles are triggered when a prosecutor without notice increases the possible sanction severity for no valid reason after the defendant has exercised a procedural right. (See *United States v. Andrews* (6th Cir. 1980), 633 F.2d 449 (6th Cir. 1980) (en banc); *United States v. Ruesga-Martinez* (9th Cir. 1976), 534 F.2d 1367; *United States v. Gerard* (9th Cir. 1974), 491 F.2d 1300; *United States ex rel. Williams v. McMann* (2d Cir. 1970), 436 F.2d 103, *cert. denied* (1971), 402 U.S. 914 (1971).

In this case, significantly, the new "obstruction of an official proceeding" allegation is presumptively (and, in fact, plainly) retaliatory, given that the charge is based on <u>no new information or evidence whatsoever</u>.  Prosecutors have said simply that "the government's *understanding of the evidence evolved."*

(Compare *North Carolina v. Pearce* (1969), 395 U.S. 711, and *Blackledge v. Perry* (1974), 417 U.S. 21, with *Colten v. Kentucky* (1972), 407 U.S. 104, and *Chaffin v. Stynchcombe*, 412 U.S. 17 (1973). There is also the <u>appearance of vindictiveness</u> when mysterious new felony charge are piled onto defendant Montgomery's charges after Montgomery turned down the government's plea offer.

In *North Carolina v. Pearce*, 395 U.S. 711 (1969), the Supreme Court considered whether a person convicted upon retrial after his initial conviction was set aside on appeal could properly be given a sentence greater than the sentence received upon his initial conviction. The court concluded that an increased sentence upon reconviction would run afoul of constitutional due process requirements unless the increase was justified by an on-the-record statement by the sentencing court providing "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." 395 U.S. at 726.

The holding of the court in *Pearce* was not restricted to actual vindictiveness but extended to the potential chilling effect on the exercise of appellate rights created by the appearance of vindictiveness stemming from enhancement of a sentence upon retrial:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process requires also that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing court.

395 U.S. at 725 (footnote omitted).

The rule of *Pearce* was extended to vindictive conduct on the part of prosecutors five years later in *Blackledge v. Perry*, 417 U.S. 21 (1974). There, petitioners were convicted of misdemeanors after state district court trials in North Carolina. They then asserted their right to trial *de novo* in superior court. Felony charges were thereupon substituted by the prosecution, and petitioners were convicted of those charges.

After discussing *Pearce* and two subsequent cases dealing with the issue of judicial vindictiveness-- *Colten v. Kentucky*, 407 U.S. 104 (1972), and *Chaffin v. Stynchcombe*, 412 U.S. 17 (1973)--the court in *Blackledge* found:

> The lesson that emerges from *Pearce*, *Colten*, and *Chaffin* is that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose *a realistic likelihood* of 'vindictiveness.'

417 U.S. at 27 (emphasis added).

Because the mere appearance of vindictiveness may deter a defendant from challenging the lawfulness of his conviction, due process concepts prohibit the state from "upping the ante." The rule applies whenever the prosecution has knowledge of the facts essential to the more serious charge at the time of the original indictment. "Absent an adequate justification for the superseding or additional charges, vindictiveness will be presumed." *Dyer v. State*, 666 P.2d 438, 443 n.2 (Ak. 1983) (citations omitted). It is insufficient for the prosecution merely to establish the lack of actual malice; instead, a prima facie showing of vindictiveness must be rebutted by "negating the possibility of vindictiveness." *United States v. Velsicol Chemical Corp.*, 498 F. Supp. at 1265. Thus, the Court of Appeals for the Sixth Circuit, sitting en banc, has recently held:

> We emphasize that once a court has found the existence of a realistic likelihood of vindictiveness the burden of disproving it is on the government . . . . We do not think that judges should pass on subjective good faith assertions by prosecutors. Both *Pearce* and *Blackledge* went out of their way to avoid such difficult and unpleasant decision-making. At the same time, in *Blackledge* the court noted in a footnote that 'this would clearly be a different case if the state had shown that it was impossible to proceed on the more serious charge at the outset.' From this, we think that only

> objective, on-the-record explanations can suffice to rebut a finding of realistic likelihood of vindictiveness.

*United States v. Andrews*, 633 F.2d at 456 (footnote and citation omitted).

The additional charges alleged against Montgomery add <u>additional potential decades</u> in prison. As the district court in *United States v. DeMarco* so aptly stated, 'the day our constitution permits prosecutors to deter defendants from exercising any and all of their guaranteed rights by threatening them with new charges fortunately has not yet arrived.' 401 F. Supp. 505, 510 (C.D. Cal. 1975), aff'd 550 F.2d 1224 (9th Cir. 1976), cert. denied, 434 U.S. 827 (1977).

**The government's Statement of Offense regarding Montgomery does not support charges for obstructing an official proceeding.**

Moreover, the Statement of Offense on file in this case does not evidence any support to charge Montgomery with obstruction of an official proceeding. Nothing in the description remotely suggests Montgomery committed any crime; let alone that Montgomery corruptly obstructed any official proceedings.

Montgomery is being punished by the government for declining to accept the government's plea offer. Accordingly, this indictment must be dismissed with prejudice.

Date: July 17, 2023

Respectfully Submitted,
 /s/ John M. Pierce
John M. Pierce
21550 Oxnard Street 3rd Floor,
PMB #172
Woodland Hills, CA 91367 Tel: (213) 400-0725
Email:jpierce@johnpiercelaw.com
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2023, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.