IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | |
| PATRICK MONTGOMERY, BRADY KNOWLTON, and GARY WILSON | § § § § § | Case No. 21-CR-00046-RDM |
| *Defendants* | § | |

**DEFENDANTS' MOTION TO DISMISS
COUNT TEN OF THE THIRD SUPERSEDING INDICTMENT**

TO THE HONORABLE RANDOLPH D. MOSS, UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

PATRICK MONTGOMERY, BRADY KNOWLTON, and GARY WILSON, the Defendants in the above styled and numbered cause, by and through undersigned counsel, move this Court to dismiss Count Ten of the Third Superseding Indictment filed on August 19, 2022.

## I. Background

Mr. Montgomery and Mr. Knowlton previously moved this Court to dismiss Count Ten of the original Superseding Indictment in this case alleging a violation of 18 U.S.C. § 1512(c)(2). *See* ECF Dkt. 39, 40, 44, 47, 48, 59, 60, 66. After the Government sought and obtained the Second Superseding Indictment on December 1, 2021, Mr. Montgomery and Mr. Knowlton moved to dismiss Count Ten of that indictment alleging a violation of the same statute based on their previous motions, objections, responses, replies, and other related matters. *See* ECF Dkt. 80. On December 28,

2021, this Court issued its Memorandum Order and Opinion denying that motion. *See* ECF Dkt. 87.

As this Court is undoubtedly aware, Judge Carl Nichols, considering similar motions to dismiss almost identical allegations of violating 18 U.S.C. § 1512(c)(2) raised by multiple defendants, granted those motions. *See United States v. Miller*, 589 F.Supp.3d 60, 67–79 (D.D.C. 2022); *United States v. Fischer*, No. 21-cr-00234 (CJN), 2022 WL 782413, at *4 (D.D.C. 2022); *United States v. Edward Lang*, No. 21-cr-53 (CJN), Minute Order 6/7/2022. The Government appealed those rulings and, on April 7, 2023, Judge Pan issued an opinion purporting to be issued on behalf of a majority of a panel of the United States Court of Appeals for the District of Columbia reversing Judge Nichols' rulings. *See United States v. Fischer*, 64 F.4th 329, 350 (D.C. Cir. 2023). Judge Walker, however, issued a concurring opinion, along with Judge Katsas who issued a dissenting opinion. *Id.* at 351–85. The defendants/appellees' petition for panel rehearing was denied on May 23, 2023. *See* Per Curiam Order of 5/20/2023 (available at https://ecf.cadc.uscourts.gov/docs1/01208520677). One of the defendants, Jake Lang, has filed a petition for writ of certiorari in the United States Supreme Court. *See* Petition (available at http://www.supremecourt.gov/DocketPDF/23/23-32/270606/20230707144513334_43948%20pdf%20Pattis%20br.pdf).

On August 19, 2022, the Government sought and obtained a Third Superseding Indictment in this case, adding Mr. Wilson as a defendant and alleging a violation of 18 U.S.C. § 1512(c)(2) against him, as well as Mr. Montgomery and Mr. Knowlton,

2

in Count Ten. *See* ECF Dkt. 115. Like in the previous indictments, that Count specifically alleges the Defendants "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18." *Id.*

## II. Argument

All the Defendants here move this Court to apply all previous motions, objections, responses, replies, and other related matters filed or made related to their Motions to Dismiss Count Ten of the Superseding Indictment and the Second Superseding Indictment to this same Count of the Third Superseding Indictment.

Additionally, the Defendants raise the following, additional argument. While Mr. Montgomery and Mr. Knowlton originally raised the argument that the term "corruptly" as used in 18 U.S.C. § 1512(c)(2) is unconstitutionally vague, they argued in the alternative, were this Court to reject that argument (which it ultimately did), it should apply the definition of "corruptly" used in the Seventh Circuit. *See* Defendants' Joint Supplemental Brief on Defendants' Motion to Dismiss (ECF Dkt. 60) at 39–41 (citing THE WILLIAM J. BAUER PATTERN CRIMINAL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT (2020 Ed.), 18 U.S.C. § 1512 Definition of "Corruptly" at 629). More specifically, Mr. Montgomery and Mr. Knowlton argued that the indictment needed to allege, "A person acts 'corruptly' if he or she acts with the purpose of wrongfully impeding the due administration of justice." *Id.*

This Court went well beyond this in its Memorandum Opinion and Order considering multiple, other interpretations of the term "corruptly" — from the Supreme Court's consideration of that term in *Arthur Andersen* to "several circuits [which] have read the term 'corruptly' for purposes of Section 1512(c)(2) to require a showing of 'dishonesty' or an 'improper purpose'." *See* ECF Dkt. 87 at 40–42. Ultimately, this Court concluded that the statute's *mens rea* requirement is what "draws the line between lawful and criminal obstruction or influence of a congressional proceeding." *Id.* at 43. Accordingly, this Court noted that there were "two elements" of the *mens rea* requirement. *Id.* The first was a "nexus requirement" that "the charged conduct must have the 'natural and probable effect of interfering with' an official proceeding and the accused must have 'know[n] that his actions [were] likely to affect' a particular proceeding." *Id.* at 43–45. Secondly, this Court stated that the Government establish that the Defendants "acted with the wrongful or improper purpose of delaying or stopping the official proceeding." *Id.* at 45–49.

In *Fischer*, Judge Walker in his concurring opinion also believed that there was a heightened *mens rea* definition of "corruptly." *Fischer*, 64 F.4th at 351–62 (Walker, J., concurring). As he emphasized, absent a *mens rea* that a "defendant not only knew he was obtaining an unlawful benefit but that his objective or purpose was to obtain that unlawful benefit," Section 1512(c)(2) was breathtakingly broad and vague. *Id.* at 351, 357. Accordingly, he determined that "'corruptly' in § 1512(c) means to act 'with an intent to procure an unlawful benefit either for [oneself] or for some other person.'" *Id.* at 357. As he continued, "It 'requires proof that the defendant not only knew he

4

was obtaining an 'unlawful benefit' but that his 'objective' or 'purpose' was to obtain that unlawful benefit.'" *Id.* Further, "that benefit may be unlawful either because the benefit itself is not allowed by law, or because it was obtained by unlawful means." *Id.*

Judge Katsas, in his dissenting opinion, also believed that an "unlawful benefit" *mens rea* is necessary. *Fischer*, 64 F.Ed. at 379–81 (Katsas, J., dissenting). However, he viewed it as nevertheless insufficient to limit the statute's unconstitutional reach and concluded that Judge Nichols was correct in holding that Section 1512(c)(2) was limited to impairing physical or other kinds of evidence. *Id.* at 381–82.

The Defendants continue to maintain that Section 1512(c)(2)'s use of the term "corruptly," is unconstitutionally vague and inapplicable to their alleged conduct in Count Ten of the Third Superseding Indictment. However, in light of Judge Walker and Katsas' concerns about the use of that term in the statute, the Defendants submit that this Court should consider adopting Judge Walker's interpreted definition of "corruptly," requiring an allegation that the Defendants acted "with an intent to procure an unlawful benefit either for [oneself] or for some other person,'" proof that they "not only knew [they were] obtaining an 'unlawful benefit' but that [their] 'objective' or 'purpose' was to obtain that unlawful benefit'" and further, "that [the] benefit may be unlawful either because the benefit itself is not allowed by law, or because it was obtained by unlawful means." *See id.* at 357 (Walker, J., concurring). Because Count Ten of the Third Superseding Indictment does not allege the same, this Court should dismiss that count.

### III. Conclusion

Mr. Montgomery and Mr. Knowlton continue to maintain their position that Count Ten of the Third Superseding against them should be dismissed. Mr. Wilson joins them in their previous objections and argument, as well as the expanded argument made here. All the Defendants respectfully request that the Court dismiss Count Ten of the Third Superseding Indictment.

Respectfully Submitted,

/s/ *John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
jpierce@johnpiercelaw.com

*Attorney for Patrick Montgomery*

RONALD SULLIVAN LAW, PLLC

by: /s/ *Ronald S. Sullivan Jr.*
RONALD S. SULLIVAN JR.
D.C.D.C. Bar ID 451518
rsullivan@ronaldsullivanlaw.com

1300 I Street NW, Suite 400 E
Washington, DC 20005
Telephone: (202) 935-4347
Fax: (617) 496-2277

MAYR LAW, P.C.

by: /s/ *T. Brent Mayr*
T. BRENT MAYR
D.C.D.C. Bar ID TX0206
bmayr@mayr-law.com

5300 Memorial Dr., Suite 750
Houston, TX 77007
Telephone:  713-808-9613
Fax:  713-808-9613

WAGNER PLLC

by: /s/ *Camille Wagner*
CAMILLE WAGNER
DC Bar No. 1695930
law@myattorneywagner.com

1629 K Street NW, Suite 300
Washington, DC 20006
202-630-8812

*Attorneys for Brady Knowlton*

PRICE BENOWITZ, LLP

by: /s/ *David B. Benowitz*           by: /s/ *Amy Collins*
DAVID B. BENOWITZ                AMY COLLINS
D.C.D.C. Bar ID 451557             D.C.D.C. Bar ID 1708316
david@pricebenowitz.com           amyc@pricebenowitz.com

409 Seventh Street, NW, Suite 200
Washington, DC 20004
Telephone: (202) 417-6000
Fax: (202) 664-1331

*Attorneys for Gary Wilson*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was sent to Counsel for the Government, Kelly Moran, Carolina Nevin, and Karen Rochlin and, on July 17, 2023, via CM/ECF and email.

/s/ T. Brent Mayr
T. BRENT MAYR
Attorney for Brady Knowlton