**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 21-cr-46-RDM** |
| | : | |
| **PATRICK MONTGOMERY,** | : | |
| **BRADY KNOWLTON, and** | : | |
| **GARY WILSON,** | : | |
| | : | |
| **Defendants.** | | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO**
**DISMISS COUNT TEN OF THE THIRD SUPERSEDING INDICTMENT**

The defendants, Patrick Montgomery, Brady Knowlton, and Gary Wilson, have filed a motion to dismiss Count Ten of the Third Superseding Indictment, which is obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2). ECF 151. The Court should deny the defendants' motion for the reasons herein.

## PROCEDURAL BACKGROUND

The Government and defendants Montgomery and Knowlton previously litigated this matter with respect to the same charge in the Second Superseding Indictment, and the Court denied Montgomery and Knowlton's motion to dismiss on December 28, 2021. ECF 87.

On August 19, 2022, the grand jury returned a Third Superseding Indictment, which added defendant Wilson to this case, and charged the defendants with 18 U.S.C. §§ 1512(c)(2) in Count Ten. ECF 115.

1

## ARGUMENT

## I.    INCORPORATION OF PRIOR ARGUMENTS

The Government hereby incorporates the arguments it made in the following filings with respect to Montgomery and Knowlton's initial motion to dismiss Count Ten (ECF 39): Government's Opposition to Defendants' Motion to Dismiss Count Ten of the Indictment (ECF 41), Government's Response to Defendants' Joint Supplemental Brief (ECF 63), United States' Supplemental Brief on 18 U.S.C. § 1512(c)(2) (ECF 76, from *United States v. Nordean et al*, 21-cr-175), and United States' Reply to the Defendants' Responses to the Unites States' Supplemental Brief on 18 U.S.C. § 1512(c)(2) (ECF 82, from *United States v. Nordean et al*, 21-cr-175).

## II.    "CORRUPTLY" IS NOT UNCONSTITUTIONALLY VAGUE

The defendants argue that the term "corruptly," as used in Section 1512(c), is unconstitutionally vague, rendering the statute constitutionally invalid.  (ECF 151 at 3-5).  As an initial matter, this argument is irrelevant at this stage because Count Ten is properly pled. Recognizing that the court had not agreed upon a definition of "corruptly," Judge Walker in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023) explained that the indictments in that case nonetheless "should be upheld" because "[e]ach contains 'the essential facts constituting the offense charged.'  That's because they allege that the Defendants 'corruptly obstruct[ed], influence[d], and impede[d] an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote."  *Fischer*, 64 F.4th at 361 (Walker, J., concurring) (quoting Fed. R. Crim. P. 7(c)(1)).  So too here: the indictment sufficiently alleges that the defendants acted corruptly, and the Court should leave the exact definition of that term for another day, when the issue is properly before the Court.  *See United States v. Munchel*,

No. 1:21-CR-118-RCL, 2023 WL 2992689, at *5 (D.D.C. Apr. 18, 2023) ("First, the 'corruptly' language in the statute is not undefined, vague, or limited to situations where a defendant personally benefited.  While the lead opinion and concurring opinion in *Fischer* were at odds regarding the precise bounds of the corrupt mens rea, both agreed that . . . an indictment alleging a corrupt mens rea in the same manner as the one in this case survives a motion to dismiss.") (citing *Fischer*, 64 F. 4th 329).

In any event, the term "corruptly" is not unconstitutionally vague.  The Due Process Clauses of the Fifth and Fourteenth Amendments prohibit the government from "depriv[ing] any person of life, liberty, or property, without due process of law."  An outgrowth of the Due Process Clause, the "void for vagueness" doctrine prevents the enforcement of a criminal statute that is "so vague that it fails to give ordinary people fair notice of the conduct it punishes" or is "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015).  Notably, the void for vagueness doctrine is narrow.  The challenger must overcome a strong presumption that duly enacted statutes are constitutional. *See United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32 (1963) ("The strong presumptive validity that attaches to an Act of Congress has led this Court to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language.").

Accordingly, the void for vagueness doctrine "does not invalidate every statute which a reviewing court believes could have been drafted with greater precision." *Rose v. Locke*, 423 U.S. 48, 49 (1975) (per curiam).  Rather, a statute is unconstitutionally vague only if it "proscribe[s] no comprehensible course of conduct at all." *United States v. Powell*, 423 U.S. 87, 92 (1975).  "What

renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *United States v. Williams*, 553 U.S. 285, 306 (2008).  Indeed, district courts here have recognized a high bar for rendering a statute unconstitutionally vague and has advised:

> [N]o void for vagueness challenge is successful merely because a statute requires a person to conform his conduct to an imprecise but comprehensible normative standard, whose satisfaction may vary depending upon whom you ask.  Instead, unconstitutional vagueness arises only if the statute specifies no standard of conduct at all.

*United States v. Gonzalez*, No. 20-cr-40-BAH, 2020 WL 6342948, at *7 (D.D.C. Oct. 29, 2020) (internal citation and quotation omitted); *see also United States v. Harmon*, No. 19-cr-395-BAH, 2021 WL 1518344, at *4 (D.D.C. Apr. 16, 2021) (finding that the defendant did not meet the "stringent standard" to prevail on a Rule 12 void-for-vagueness motion).  In sum, "[a] statutory term is not rendered unconstitutionally vague because it does not mean the same thing to all people, all the time, everywhere. . . . Rather, a statute is unconstitutionally vague if, applying the rules for interpreting legal texts, its meaning specifies no standard of conduct . . . at all."  *United States v. Puma*, 596 F. Supp. 3d 90 at 103 (D.D.C. 2022) (quoting *United States v. Bronstein*, 849 F.3d 1101, 1107 (D.C. Cir. 2017)).

Although the D.C. Circuit did not resolve the meaning of the term "corruptly" in *Fischer*, both judges who joined the lead opinion determined that term is not unconstitutionally vague as used in Section 1512(c).  *See Fischer*, 64 F.4th at 339-42 (Pan, J.) (explaining that, under any formulation, "'corrupt' intent exists at least when an obstructive action is independently unlawful," and that "appellees err in arguing that the term 'corruptly' 'takes on unconstitutional vagueness'

in circumstances outside the context of a judicial proceeding"); *id.* at 352 (Walker, J.) (explaining that his interpretation of "corruptly" "avoids vagueness").

Courts in this District, including this Court, have agreed. "The text of Section 1512(c), and the inclusion of the term 'corruptly,' 'gives fair notice of the conduct it punishes' and does not invite 'arbitrary enforcement.'" *Puma*, 576 F. Supp. 3d at 103 (quoting *Johnson*, 576 U.S. at 596). Judge Friedman continued in *Puma*, referring to this Court's prior decision on this matter (ECF 87), Judge Bates, Judge Mehta, and Judge Friedrich: "[j]udges in this district have construed 'corruptly' to require 'a showing of dishonesty' or an 'improper purpose'[;] 'consciousness of wrongdoing'[;] or conduct that is 'independently criminal,' 'inherently malign, and committed with the intent to obstruct an official proceeding.'" *Id.* (quoting *United States v. Montgomery*, 21-cr-46, 578 F. Supp. 3d 54, 81 (D.D.C. 2021) (Moss, J.); *United States v. Bozell*, 21-cr-216, 2022 WL 474144, at *6 (D.D.C. Feb. 16, 2022) (Bates, J.); *United States v. Caldwell*, 21-cr-28, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021) (Mehta, J.); and *United States v. Sandlin*, 21-cr-88, 575 F. Supp. 3d 16, 33 (D.D.C. 2021) (Friedrich, J.).[1]   "These constructions," Judge Friedman concluded, "support a consensus that Section 1512(c) clearly punishes those who endeavor to obstruct an official proceeding by acting with a corrupt purpose, or by independently corrupt means, or both." *Id.* (cleaned up).  Under any of these common-sense constructions, the term "corruptly" "not only

---

[1] Every court in the January 6 context, aside from Judge Nichols, has promulgated jury instructions that has adopted some form of this language, often adding that the defendant must use unlawful means or act with an unlawful purpose. *See, e.g.*, *United States v. Sara Carpenter*, 21-cr-305-JEB (ECF 95); *United States v. Thomas Robertson*, 21-cr-34-CRC (ECF 86); *United States v. Dustin Thompson*, 21-cr-161-RBW (ECF 83); *United States v. Anthony Williams*, 21-cr-377-BAH (ECF 112); *United States v. Alexander Sheppard*, 21-cr-203-JDB (final instructions not available on ECF); *United States v. Elmer Rhodes, et al*, 22-cr-15-APM (ECF 396); *United States v. Doug Jensen*, 21-cr-6-TJK (ECF 97).

clearly identifies the conduct it punishes; it also 'acts to shield those who engage in lawful, innocent conduct—even when done with the intent to obstruct, impede, or influence the official proceeding.'"  *Id.* (quoting *Sandlin*, 575 F. Supp. 3d at 33).  It presents no vagueness concern.

## CONCLUSION

The government respectfully submits that the Court should deny the defendants' motion to dismiss Count Ten in the Third Superseding Indictment.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:     */s/ Carolina Nevin*
CAROLINA NEVIN
Assistant United States Attorney
NY Bar No. 5226121
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-803-1612
carolina.nevin@usdoj.gov

*/s/ Kelly Elizabeth Moran*
KELLY ELIZABETH MORAN
Assistant United States Attorney
NY Bar No. 5776471
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-740-4690
kelly.moran@usdoj.gov