IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § § | Case No. 21-CR-00046-RDM |
| PATRICK MONTGOMERY, § BRADY KNOWLTON, and § GARY WILSON § § | |
| *Defendants* § | |

**DEFENDANTS' JOINT MOTION** IN LIMINE TO PRECLUDE UNSEEN SIGNAGE, FENCING, OR OTHER BARRIERS AND UNHEARD ANNOUNCEMENTS.

Comes Now Defendant Patrick Montgomery, joined by codefendants, by and through his counsel of record, with this motion in limine to preclude from trial any evidence, discussion, or argument regarding signs, fencing, dispersal announcements, barricades or other barriers unless the offering party first lays a foundation that defendants actually were in a place to witness such features.

Montgomery and codefendants are charged with several criminal offenses which require the United States to prove that defendants knew they were in an unauthorized area or areas. At trial, Montgomery and codefendants will contest these assertions.

The Court of Appeals of Oregon dealt with this precise issue in 1987:

We also uphold the trial court's ruling excluding "as distorted and irrelevant" two photographs of the traffic sign, [87 Or.App. 292]

> warning of a stop, located on the road defendant was traveling immediately before the accident. The photographs show the sign partially blocked by bare tree branches. Defendant asserts that they are relevant to the question of recklessness and tend to show that tree branches could have obstructed his view of the warning sign. <u>There was no evidence, however, that the photographs were taken from where defendant was travelling on the road.</u>

*State v. Baker*, 742 P.2d 633 (Or. App. 1987).

"The photographs were irrelevant, and the court did not err in excluding them." *Id.*

Where there is no evidence that a party saw or could have seen a warning sign, the admission of such a sign is irrelevant. *United States v. Newman*, Case No. 3:10-mj-00015-CMK (E.D. Cal. March 9, 2011) (finding officer was not precluded from defendant's land where there was no evidence the officer saw or was aware of a large "No Trespassing" sign during his contact with defendant).

Under Rules 401 and 403, the government must be precluded from introducing evidence, discussion, or argument of any signs, plaques, notices, "No Trespassing" markings, dispersal announcements, barriers, fences or barricades which defendants could not have seen or heard himself at their location(s).

**The government's claim of relevance is based on nothing but blind decrees of authority, which are not evidence.**

In other January 6 cases, the United States has argued that although unseen signs are irrelevant regarding the knowledge of a defendant, such unseen signs are relevant as "evidence" of the authority of the Capitol Police officers who proclaim

that a given area was restricted. Typically, this "evidence" is introduced by the government while a high-ranking Capitol Police officer is on the witness stand claiming that an official police decree restricting Capitol grounds was in existence on January 6. Even though the officer often admits she did not see such a sign, the officer will testify that such a sign is "typical" of signs that she knew were in place on January 6.

For obvious reasons, this cannot be the law of evidence. New York's Court of Appeals (the equivalent in most states of the supreme court of that state) addressed a similar issue in *Nowlin v. City of New York*, 595 N.Y.S.2d 927, 81 N.Y.2d 81, 612 N.E.2d 285 (N.Y. 1993). In *Nowlin*, the City argued that its mere authority allowed its decree of control to be binding upon citizens who didn't see the proper signage. "Finally, there is no merit in the City's contention that the [virtually unseeable] sign placement was irrelevant to liability because defendant Robertson's speeding was the sole cause of the accident." 81 N.Y.2d 89, 93; 612 N.E.2d 289. "In failing to [make the City safe], the City perpetuated the dangerous condition, and cannot now escape liability by disavowing responsibility for placing signs on the Parkway [which were seeable]"

CONCLUSION

For the foregoing reasons, defendants request a motion in limine precluding the United States from offering evidence, argument, or discussion in front of the the

jury of signs, warnings, announcements or postings which defendants did not see or were not in a position to see.

Dated: August 14, 2023

Respectfully Submitted,

<u>*/s/ John M. Pierce*</u>
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, August 14, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce