UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-46-RDM |
| v. | : | |
| | : | |
| PATRICK MONTGOMERY, | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

The United States of America respectfully submits this opposition to defendant Patrick Montgomery's motion to dismiss all counts of the indictment. ECF No. 165. Montgomery filed this motion without seeking an extension and has made no effort to show any circumstances—much less extraordinary circumstances—justifying this late filing. Accordingly, the Court should deny Montgomery's motion as untimely.

**PROCEDURAL HISTORY**

On February 9, 2023, the Court ordered that motions pursuant to FRCP 12(b)(3), suppression motions, and other dispositive motions shall be filed on or before June 19, 2023. The defense did not file any such motions by the deadline, and moved for an extension of deadlines on June 20, 2023. ECF 138.

On June 28, 2023, John Pierce, Montgomery's attorney, entered his appearance, substituting for prior counsel. ECF 142.

On July 6, 2023, the Court held a status conference and ordered the parties to meet and confer and file a revised scheduling order by July 11, 2023. The parties complied with the Court's order and filed a join proposed scheduling order on July 11, 2023. ECF 149.

On July 13, 2023, the Court adopted the deadlines suggested by the parties. The Court ordered that motions pursuant to FRCP 12(b)(3), suppression motions, and other dispositive motions shall be filed on or before July 17, 2023. The Court cautioned the parties that further extensions will be granted only based a showing of extraordinary circumstances.

## ARGUMENT

On August 13, 2023, Montgomery filed a Motion to Dismiss due to Select Committee's Spoiliation [sic] or Suppression of Brady evidence. ECF 165. Because this motion seeks dismissal of the case, this is a dispositive motion, which was due on July 17, 2023. *Id*. at 1.

The Court should deny Montgomery's motion because it was filed past the July 17, 2023, deadline, and Montgomery makes no showing of extraordinary circumstances. Montgomery filed five motions on the deadline, four of which were motions to dismiss, and one of which was a motion for change of venue. Three of those motions were filed jointly with his co-defendants. ECF 151, 152, 153. Two of those motions were filed individually. ECF 150, 154. Both motions filed individually were motions to dismiss. There is no apparent reason why the August 13, 2023, motion could not have been filed timely, particularly given that the topic of the filing is the actions of the House Select Committee to Investigate the January 6th Attack on the United States Capitol. The Select Committee held its last hearing on July 21, 2022.[1] It published its final report on December 22, 2022.[2] There has been no action from the Select Committee between the deadline of July 17, 2023, and the filing date of August 13, 2023.

The defendant likely will cite Representative Barry Loudermilk's August 8, 2023, letter to the Special Counsel to the President—and, possibly, Fox News's August 8, 2023, reporting about this letter—as exceptional circumstances justifying the late filing. But this would be wrong for two

---

[1] https://january6th-benniethompson.house.gov/legislation/hearings
[2] https://www.govinfo.gov/content/pkg/GPO-J6-REPORT/pdf/GPO-J6-REPORT.pdf

reasons. First, although the news article's headline alleges a failure to preserve records,[3] it appears instead that Rep. Loudermilk actually complained (1) about the failure of the Select Committee to provide indices to Rep. Loudermilk's subcommittee; (2) about the failure of the Select Committee to turn over videos of depositions to Rep. Loudermilk's subcommittee (although it appears the subcommittee was given transcripts of those depositions); and (3) that the Select Committee should have investigated, but did not investigate, security failures at the Capitol on January 6, 2021.[4] And second, even if Rep. Loudermilk's allegations are true, this is essentially a dispute between Congressional committees. The Select Committee is not a part of the prosecution team, and Montgomery cites no case law to the contrary. Accordingly, this recent reporting does not justify further briefing or argument.

  If the Court does not deny Montgomery's motion as untimely, the Government requests that the Court grant it two weeks from the Court's decision to respond to the motion.

---

[3] https://www.foxnews.com/politics/j6-committee-failed-to-preserve-records-has-no-data-on-capitol-hill-security-failures-gop-charges

[4] *Id.*; *see also* https://static.foxnews.com/foxnews.com/content/uploads/2023/08/Loudermilk-Letter-to-WH-Counsel-8.8.23.pdf

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        DC BAR NO. 481052


By:    */s/ Carolina Nevin*
       CAROLINA NEVIN
       Assistant United States Attorney
       NY Bar No. 5226121
       U.S. Attorney's Office for the District of Columbia
       601 D Street, N.W.
       Washington, D.C. 20530
       202-803-1612
       carolina.nevin@usdoj.gov

       */s/ Kelly E. Moran*
       KELLY E. MORAN
       Assistant United States Attorney
       NY Bar No. 5776471
       U.S. Attorney's Office for the District of Columbia
       601 D Street, N.W.
       Washington, D.C. 20530
       202-740-4690
       kelly.moran@usdoj.gov