IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| v. | § § Case No. 21-CR-00046-RDM |
| PATRICK MONTGOMERY, BRADY KNOWLTON, and GARY WILSON | § § § § |
| *Defendants* | § § |

**DEFENDANTS' JOINT MOTION** IN LIMINE TO PRECLUDE FBI "CASE AGENT" TESTIMONY WHICH VIOLATES THE RULES OF EVIDENCE

Comes Now Defendant Patrick Montgomery, joined by codefendants, by and through his counsel of record, with this motion in limine to preclude FBI "case agent" testimony which violates the Federal Rules of Evidence.

**I.**

In every prosecution trial relating to January 6 so far, the prosecution has relied very heavily on the testimony of "case agents" from the FBI, who have no first-hand knowledge of anything but merely show copious amounts of video and imagery to the jury and read the case file into the record before the jury. These "case agents" should more correctly be labeled as FBI "hearsay agents" or video narrators. These "case agents" dutifully read and report what other agents – who are not present in the courtroom – assert to be true, for the truth of the matters asserted. They also are used as narrators of videos, as prosecutors pause the videos

while the case agents tell the jury what the jurors just saw or heard.

None of this qualifies as evidence.

Of course, case agents do have a proper role: to testify about the travel of a case or investigation where such testimony is relevant. But the U.S. Attorneys Office has been using case agents quite improperly in many January 6 cases; as overview witnesses, storytellers, and narrators over all manner of evidence. The government uses these "case agents" to 'put the evidence in context,' or to indicate what the jury should focus on regarding images, documents or videos. In some cases, "case agents" repeat hearsay or mere rumor, innuendo, gossip, or speculation.

**One recurring example highlights problems with the government's use of case agents in January 6 cases.**

Montgomery points to one recurring example of improper "case agent" testimony, which the government has used in numerous January 6 cases. This involves Safeway Corporation profit/loss data, which the government frequently presents as evidence that Jan. 6 defendants "affected commerce" under 18 U.S.C. § 231. The government will place an FBI case agent on the witness stand who lays out charts purporting to show that Safeway stores in D.C. suffered losses in sales, stemming from the January 6 "riots."

When defense counsel try to cross-examine the "case agents" regarding this

testimony, the agents invariably say they "don't know" if Safeway losses on Jan. 6, 2021 were offset by rebound profits the next day, or whether the Safeway losses were consistent with other businesses in D.C.  The agents can't say how much of the supposed "losses" were attributable to Jan. 6 "rioters" and how much was attributable to the mayor's curfew order, or the mayor's pre-January 6 decrees which urged businesses to close in advance of Trump's rally, or from blocked streets which were cordoned off by City officials in advance of the rally.  The case agents can't answer any questions regarding whether any Safeway stores suffered any actual rioting or disturbances on Jan. 6 and can't explain whether other D.C. businesses had unusual profits that day.

Of course all of this Safeway testimony is improper testimony by an FBI case agent.  Such testimony violates the defendants' 6th amendment rights to confront accusers, as well as their 5th amendment rights to due process, and the Federal Rules of Evidence regarding hearsay.  It also constitutes improper expert testimony.

In *United States v. Hampton*, 718 F.3d 978 (D.C. Cir. 2013), this Circuit rejected the use of FBI "case agents" in the manner in which they have been rampantly used in January 6 criminal prosecutions.  However, the DoJ never seems to learn from being chastised by appellate courts, but keeps on repeating the same rejected techniques:

> FBI Agent Bevington was a key witness against Hampton at trial. The government did not attempt to qualify him as an expert witness under Rule 702 of the Federal Rules of Evidence. Instead, he was called as a lay witness. Agent Bevington testified that he had 20 years of FBI experience at the time of this trial, including more than 100 drug investigations and more than 50 investigations with court-ordered wiretaps. With respect to Glover's drug operation, Bevington testified that he was the case agent—the supervisor of the FBI agents conducting the investigation. In that capacity, he monitored wiretaps, performed physical surveillance, provided daily reports to the United States Attorney's Office, and supervised other personnel monitoring the wiretaps. He also testified that he had reviewed every conversation—some 20,000—captured by the wiretaps, not just the 100 or so recordings admitted into evidence. The government put Bevington on the stand five times during the trial, usually to give the context and an explanation of recorded statements admitted into evidence. As the government told the jury during its opening statement, the recorded telephone calls were "very, very cryptic," and the government used Bevington to interpret them for the jury.

*United States v. Hampton*, 718 F.3d 978, 981-984 (D.C. Cir. 2013).

This adds to the problem that the FBI case agent, consciously or unconsciously, will add opinion dressed up as conclusions of the investigation, hinting (wink, wink, nod, nod) on evidence that is not admitted into evidence and is not before the jury.  Their testimony is as if to say "If only you'd seen what I've seen" but "just trust me on this one."

The use of such "hearsay agents" is a direct attack upon the Constitutional rights of Defendant(s) to confront (cross-examine) their accusers, to explore the basis or reliability of the asserted information, or seek clarification of the assertions by cross-examination.

Rule 602 requires personal knowledge. The "case agents" typically have none. Not only does their testimony violate Rule 602 but as expected the "case agents" frequently explain on cross-examination that they don't know anything about what the Defendants' counsel want to cross-examine them about. Thus, the use of "case agents" prevents cross-examination in violation of the Sixth Amendment right to confront one's accusers.

### A. TESTIMONY OF WITNESSES LACKING PERSONAL KNOWLEDGE

As noted, Federal Rules of Evidence Rule 602 requires that:

> A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.

The Government in January 6 related trials so far has substantially relied upon witnesses testifying to matters about which the witness has no personal knowledge.

This leads to (1) imprecise and vague testimony, (2) testimony that may confuse or mislead the jury, (3) testimony that my feed into the preconceived notions and assumptions of the jury rather than illuminating the proceedings with reliable facts, and (4) depriving the Defendant of the right to effectively cross-examine the witness' testimony.  This in fact violates the Defendant's right under the Sixth Amendment to confront his accusers, because a witness without personal knowledge is not the real complaining party.

## II. Federal Rules of Evidence Rule 602 – Personal Knowledge

### FRE Rule 602 requires that:

A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.

## III. CONCLUSION

The Court should enter the requested orders in limine.

August 18, 2023

**RESPECTFULLY SUBMITTED,**
John M. Pierce, Esq.
*Counsel for Defendant*

_/s/ John Pierce_

JOHN PIERCE LAW
21550 Oxnard Street 3rd Floor, PMB #172
Woodland Hills, CA 91367
jpierce@johnpiercelaw.com
(213) 279-7846

## CERTIFICATE OF SERVICE

I hereby certify that my law firm is filing the foregoing with the Court by its ECF record-keeping and filing system, which automatically provides a copy to:

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By and through: */s/ Francesco Valentini*
Francesco Valentini
United States Department of Justice, Criminal Division

Detailed to the D.C. United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 598-2337
francesco.valentini@usdoj.gov

        */s/ John Pierce*
        John M. Pierce