IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CASE NO. 21-cr-46-RDM** |
| : | |
| **PATRICK MONTGOMERY,** : | |
| **BRADY KNOWLTON, and** : | |
| **GARY WILSON,** : | |
| : | |
| **Defendants.** | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS'
MOTION *IN LIMINE* TO PRECLUDE 'RAINDROP THEORY.'**

The United States of America respectfully submits this partial opposition to the defendants' motion to preclude arguing the criminality of the defendants solely upon the acts of others.

The defendants seek an order to limit the government from arguing three separate theories. First, that the defendants could be guilty of crimes committed by others. Second, that the defendants could be guilty of *merely* witnessing the crimes of others. And third, that the defendants could be guilty as a 'raindrop' amid a rainstorm of others who cause violence or disruption. The defendants request such an order without citing to any authority for such a request, other than a general reference to the Constitution and to rule 403 of the Federal Rules of Evidence.

The government agrees that it would be improper to argue that the defendants *should* be found guilty based solely on the acts of others. Further, the government agrees that it would be improper to argue that the defendants *should* be found guilty based solely on witnessing the crimes of others. But the government's understanding of the 'raindrop' argument is more nuanced than the defendants give credit.

Although not cited, the 'raindrop theory' stems from *United States v Rivera*, 607 F.Supp.3d

1 (D.D.C. February 17, 2022), where Judge Kollar-Kotelly reasoned:

> The following metaphor is helpful in expressing what the statute *does* require. Just as heavy rains cause a flood in a field, each individual raindrop itself contributes to that flood. Only when all of the floodwaters subside is order restored to the field. The same idea applies in these circumstances. Many rioters collectively disrupted Congressional proceedings, and each individual rioter contributed to that disruption. Because [the defendant's] presence and conduct in part caused the continued interruption to Congressional proceedings, the Court concludes that [the defendant] in fact impeded or disrupted the orderly conduct of Government business or official functions.

*United States v Rivera*, 607 F.Supp.3d 1, 9 (D.D.C. 2022) (emphasis in original).

The 'raindrop theory' has never been used to prove every element of offenses charged related to January 6th. Instead, Judge Kollar-Kotelly used the metaphor to illustrate that a defendant's act of 'being a raindrop' contributed to the interruption to Congressional proceedings; one single element of the offense. Phrasing this argument within that theme: the government should not be precluded from arguing that the defendant *was in fact* a raindrop in that storm.

At trial, the government must show that the defendants *knowingly* took part in their criminal actions. The government intends to show that the defendants saw the barriers preventing them from entering the Capitol, yet they proceeded in anyway. That they saw officers struggling to keep their fellow rioters back, yet they proceeded anyway. That they heard their fellow rioters during chants and violent rhetoric being shouted, yet they proceeded anyway, even joining the chants and rhetoric. And that it was this *knowing*, collective action that caused the disruption and interruption of the Congressional proceedings.

The government agrees with the defendants that the focus of the factfinder's inquiry at the defendants' trial should be the actions of the defendants themselves; however, the government disagrees that the factfinder must remain blind to what was occurring around the defendants at the

time they chose to take part in the interruption of the Congressional proceedings. The existence of the storm is still relevant to determine whether the defendants chose to be a raindrop within it.

Recently in *United States v Gunby*, No. 21-cr-626-PLF, August 4, 2023, 2023 WL 4993483, Judge Friedman denied a similar motion. In that case, the defendant asked the Court to prohibit the same arguments that the defendant asks to be prohibited in this case. In ruling upon the motion, that Court outlined:

> Although [the defendant] is correct that he cannot be punished for offenses committed by others, the government alleges that he himself committed four misdemeanor offenses on January 6, 2021. [The defendant]'s conduct did not occur in a vacuum, and thus the actions of others may be relevant, and indeed necessary, to the government's case against [the defendant]. The government may introduce evidence about the rest of the crowd, and Court [sic] will not circumscribe the government's rhetoric as [the defendant] requests.

*United States v Gunby*, No. 21-cr-626-PLF, August 4, 2023, 2023 WL 4993483 at *5.

Therefore, the government respectfully requests this Court adopt the same reasoning and deny the defendants' motion for an *in limine* order precluding certain arguments.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Carolina Nevin*
CAROLINA NEVIN
Assistant United States Attorney
NY Bar No. 5226121
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-803-1612
carolina.nevin@usdoj.gov

*/s/ Kelly Elizabeth Moran*
KELLY ELIZABETH MORAN

           Assistant United States Attorney
           NY Bar No. 5776471
           U.S. Attorney's Office for the District of Columbia
           601 D Street, N.W.
           Washington, D.C. 20530
           202-740-4690
           kelly.moran@usdoj.gov