UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Case No. 21-CR-46-RDM |
| : | |
| PATRICK MONTGOMERY, : | |
| : | |
| Defendant.   : | |

**THE UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE UNDER FEDERAL RULE OF EVIDENCE RULE 106 TO EXCLUSDE FRAGMENTS OR INCOMPLETE PORTIONS OF DOCUMENTS [ECF 174]**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and undersigned counsel, hereby opposes Defendant Patrick Montgomery's motion in limine to exclude fragments or incomplete portions of documents. ECF 174. Montgomery moves to exclude "fragments of incomplete conversations, video recordings, message, chains, or chats, etc.," in accordance with Federal Rule of Evidence 106. *Id.* at 1-2.

His motion fails, however, to identify anticipated evidence that the Government intends to offer *in this case* as violative of Federal Rule of Evidence 106, and merely asserts the Federal Rules of Evidence and the Rules of Professional Conduct. ECF 174 at 2-5.

**ARGUMENT**

Montgomery has unnecessarily moved for this Court to apply the Federal Rules of Evidence. Those rules apply regardless of whether a motion in limine is filed. Accordingly, the Court should deny the motion as moot.

Additionally, Montgomery's motion fails to proffer a single fact relevant to this case and does not identify what testimony or evidence the defendant seeks to exclude. *See* Fed. R. Crim. P. 49(a) ("A motion must state the grounds on which is was based"); *see also* L. Crim. R. 47(a)

("Each motion shall include or be accompanied by a statement … including where appropriate a concise statement of facts").

Here, further facts about this case are not only appropriate but required. *See Luce v. United States*, 469 U.S. 8, 41 (1984) ("A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside of a factual context"). The defendant fails to offer even a single example of a statement from this case that he seeks to exclude, and similarly offers no context from this case that would allow the Court to evaluate any statement in dispute. Moreover, federal hearsay rules involve several definitions, *See* Fed. R. Evid. 801, approximately 30 exceptions, *see* Rules 803, 804, a residual exception, Rule 807, and rules addressing hearsay in specific contexts, Rules 805 and 806. These rules can fairly be described as complex in comparison to other rules of evidence, and require no less subtlety in application than Rule 609(a), addressing impeachment with a prior conviction, which was the rule at issue in *Luce*.

In fact, any party filing a motion in limine should offer targeted arguments demonstrating why certain items or categories of evidence should or should not be introduced as trial, and direct the trial judge to specific evidence in the record that would favor or disfavor the introduction of those *particular* items or categories of evidence; *Barnes v. District of Columbia*, 924 F.Supp.2d 74, 78 (D.D.C. 2013) (emphasis added); *see also United States v. Verges,* No. 1:13CR222 JCC, 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014) ("orders *in limine* which exclude broad categories of evidence should rarely be employed", citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)); *United States v. Householder,*---F.Supp.3d ---, No. 1:20-CR-77, 2022 WL 17600159, at *1 (S.D. Ohio Dec. 13, 2022) (motions *in limine* are "generally confined to very specific evidentiary issues of an extremely prejudicial nature")(internal citation omitted); *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) (the failure to specify the evidence that

the motion *in limine* seeks to exclude constitutes a sufficient basis upon which to deny the motion) (internal citation omitted).

Nothing is specific about Montgomery's broad invocation of the Federal Rules of Evidence and the Rules of Professional Conduct. His motion does not provide sufficient grounds for relief. Neither this Court nor the prosecution should need to guess which statements Montgomery asserts are fragments or incomplete portions of documents, or why any such piece of evidence may not comply with applicable rules of evidence.

Additionally, Montgomery misinterprets the application of Federal Rule of Evidence 106. It does not require, as Montgomery argues, that the proponent of a statement produce the entire conversation or document from which the statement came. ECF 174 at 5. Rather, the purpose of the rule of completeness is to ensure that a misleading impression created by taking matters out of context is corrected immediately, by providing the necessary context. *See* Bergman, N. Hollander, & T. Duncan, Wharton's Criminal Evidence § 4:10 (15th ed. 1997) (explaining rule of completeness). Contrary to Montgomery's argument, the rule does not forbid a party from introducing portions of statements into evidence. And Montgomery is further incorrect in arguing that the application of Rule 106 is not a matter for the trial court's discretion; its application is discretionary. *United States v. Coughlin*, 821 F. Supp. 2d 8, 31 D.D.C. 2011 ("The application of the rule of completeness is a matter for the trial judge's discretion.").

Accordingly, Montgomery's motion should be denied.

>Respectfully submitted,
>
>MATTHEW M. GRAVES
>United States Attorney
>D.C. Bar No. 481052
>
>By: /s/ Carolina Nevin
>CAROLINA NEVIN
>Assistant United States Attorney
>NY Bar No. 5226121
>U.S. Attorney's Office for the District of Columbia
>601 D Street, N.W.
>Washington, D.C. 20530
>202-803-1612
>carolina.nevin@usdoj.gov
>
>/s/ Kelly Elizabeth Moran
>KELLY ELIZABETH MORAN
>Assistant United States Attorney
>NY Bar No. 5776471
>U.S. Attorney's Office for the District of Columbia
>601 D Street, N.W.
>Washington, D.C. 20530
>202-740-4690
>kelly.moran@usdoj.gov