IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § § | Case No. 21-CR-00046-RDM |
| PATRICK MONTGOMERY, § BRADY KNOWLTON, and § GARY WILSON § § | |
| *Defendants* § | |

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ENTRAPMENT RELATED DEFENSES AND ARGUMENTS AND EVIDENCE ABOUT ALLEGED LAW ENFORCEMENT INACTION**

TO THE HONORABLE RANDOLPH D. MOSS, UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

PATRICK MONTGOMERY, BRADY KNOWLTON, and GARY WILSON, the Defendants in the above styled and numbered cause, by and through their respective, undersigned counsel, submit the following supplemental response to the Motion in Limine to Preclude Entrapment Related Defenses and Arguments and Evidence About Alleged Law Enforcement Inaction filed by the Government on May 4, 2023. ECF Dkt. 132 (hereafter cited as Gov't Motion in Limine).

The Defendants jointly filed their original Response to the Government's Motion in Limine pointing out *inter alia* that the Government's motion was premature as none of the Defendants had, at that time, given notice of their intent to raise a public-authority defense, including entrapment by estoppel. *See* ECF Dkt. 133 at 1–2.

1

The deadline for filing motions pursuant to Federal Rule of Criminal Procedure 12(b)(3) was subsequently scheduled for July 17, 2023, *see* Minute Order of 7/13/23, and, as of present date, no Defendant has given notice of their intent to raise a public-authority defense, including entrapment by estoppel — defenses the Government seeks to preclude with its motion. Accordingly, the Defendants concede that no argument or evidence should be presented suggesting they were "entrapped by law enforcement," or "entrapped by estoppel."

As the Government acknowledged, however, "the conduct of law enforcement officers may be relevant to the Defendants' states of mind on January 6, 2021" and although "evidence of any alleged inaction by the police [is arguably] irrelevant," an exception can be made "to the extent the defendants show that they specifically observed or was (sic) aware of the alleged inaction by the police when he (sic) committed the offenses charged in the indictment." *See* Gov't Motion in Limine at 40. Nevertheless, it seeks to prohibit the Defendants from making arguments or attempting to introduce non-relevant evidence that "alleged inaction by law enforcement officers made their conduct on January 6, 2021 legal," *see* Gov's Motion in Limine at at 39–40, or "testimony and evidence of any alleged inaction by the police . . . except to the extent the Defendants show that they specifically observed or was (sic) aware of the alleged inaction by the police." *Id.* at 41.

The Defendants continue to oppose the Gov't Motion in Limine and timely do

so here.[1] However, as the Defendants previously argued, requiring them to respond to this particular motion and, more specifically, these specific arguments at this particular point in time, compels the Defendants to essentially waive their right to remain silent and to disclose the nature and detail of their defense in advance of trial. As the previously pointed out, this is not a situation where they are simply being required to give notice of their defense. *See United States v. Abcasis*, 785 F. Supp. 1113, 1116–17 (E.D.N.Y. 1992) (emphasis in original) ("there is nothing incriminating about giving *notice* of a defense to be offered at trial."). Requiring the Defendants to respond to the Government's arguments and factual assertions in their motion goes beyond simply giving *notice* and compels them to provide testimony against themselves in violation of their Fifth Amendment right to remain silent and not incriminate themselves to the extent that such preview of their testimony is necessary for this Court to consider this motion. *See* U.S. CONST, amend V. To put it more simply, based on the Government's concession, in order to fully respond to the Government's motion, the Defendants would have to say in advance of trial what police action they "specifically observed or were aware of" to immunize that evidence from limine.

As previously stated, the Defendants recognize that this Court possesses the "inherent authority to manage the course of trials," *Youssef v. Lynch*, 144 F. Supp. 3d 70, 80 (D.D.C. 2015) (quoting *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)), and the Defendants have no intention of infringing on that authority.

---

[1] Contrary to the Government's position, their motion should not be treated as defaulted or conceded. *See* Government Reply to the Response to the Motion in Limine to Preclude Entrapment Related Defenses, ECF Dkt. 135 at 1.

The Defendants, however, continue to maintain that they should not have to forfeit their right to remain silent and disclose what they "specifically observed or were aware of" unless compelled to by this Court. And, again, should this Court do so, the Defendants would request this Court grant them leave to permit them to do so both under seal and *ex parte. See United States v. Carpenter*, 923 F.3d 1172, 1178 (9th Cir. 2019) ("A defendant may proffer a duress defense *ex parte* and under seal upon a showing of a 'compelling reason' for doing so.").

To take from the Government's reply to the Defendants' original response, this is not like the "nonsensical" context of a public authority or entrapment by estoppel claim that "necessarily have to rely upon the statements of third-party public officials whose statements could not possibly be privileged." *See* Government Reply to the Response to the Motion in Limine to Preclude Entrapment Related Defenses, ECF Dkt. 135 at 3. The Government's motion compels the Defendants to respond with the most sacred of privileged material: their own thoughts and statements about what they "specifically observed or were aware of."

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request this Court deny the Government's Motion in Limine to the extent that they seek to prohibit the Defendants from making arguments or attempting to introduce non-relevant evidence that "alleged inaction by law enforcement officers made their conduct on January 6, 2021 legal," or "testimony and evidence of any alleged inaction by the police . . . except to the extent the Defendants show that they specifically observed or was (sic) aware of the alleged inaction by the police."

Respectfully Submitted,

/s/ *John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
jpierce@johnpiercelaw.com

*Attorney for Patrick Montgomery*

RONALD SULLIVAN LAW, PLLC

by: /s/ *Ronald S. Sullivan Jr.*
RONALD S. SULLIVAN JR.
D.C.D.C. Bar ID 451518
rsullivan@ronaldsullivanlaw.com

1300 I Street NW, Suite 400 E
Washington, DC 20005
Telephone: (202) 935-4347
Fax: (617) 496-2277

MAYR LAW, P.C.

by: /s/ *T. Brent Mayr*
T. BRENT MAYR
D.C.D.C. Bar ID TX0206
bmayr@mayr-law.com

5300 Memorial Dr., Suite 750
Houston, TX 77007
Telephone: 713-808-9613
Fax: 713-808-9613

WAGNER PLLC

by: /s/ *Camille Wagner*
CAMILLE WAGNER
DC Bar No. 1695930
law@myattorneywagner.com

1629 K Street NW, Suite 300
Washington, DC 20006
202-630-8812

*Attorneys for Brady Knowlton*

PRICE BENOWITZ, LLP

by: /s/ *David B. Benowitz*
DAVID B. BENOWITZ
D.C.D.C. Bar ID 451557
david@pricebenowitz.com

by: /s/ *Amy Collins*
AMY COLLINS
D.C.D.C. Bar ID 1708316
amyc@pricebenowitz.com

409 Seventh Street, NW, Suite 200
Washington, DC 20004
Telephone: (202) 417-6000
Fax: (202) 664-1331

*Attorneys for Gary Wilson*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was sent to Counsel for the Government, Kelly Moran and Carolina Nevin on September 1, 2023, via CM/ECF and email.

/s/ T. Brent Mayr
T. BRENT MAYR
Attorney for Brady Knowlton