UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-46-RDM |
| v. : | |
| : | |
| PATRICK MONTGOMERY, : | |
| : | |
| : | |
| : | |
| Defendant. : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS

The United States of America respectfully submits this opposition to defendant Patrick Montgomery's motion to dismiss all counts of the indictment. ECF No. 165. Montgomery alleges "criminal destruction of evidence, obstruction of justice, and spoilation (sic) of evidence" by the "U.S. House of Representatives' 'Select Committee on the January 6 Attack on the U.S. Capitol.'" *Id.* at 1, *see* caption.

In his filing, Montgomery baselessly speculates that information was purportedly held and then destroyed or lost by the Select Committee, and that such loss amounts to a violation of his rights by the Department of Justice. His motion is filled with speculative and conspiratorial allegations of wrongdoing by the Select Committee, but fails to provide any actual evidence that the Select Committee ever found, much less destroyed, documents related to Montgomery's conduct or state of mind. He also fails to provide any evidence that any supposedly lost information was ever in the Department's possession, or that it was material to his case.

In addition to the remedy of dismissal, Montgomery seeks the extraordinary relief of convening of an evidentiary hearing to interrogate members of the Select Committee, a Court ordered subpoena to the Select Committee, an "interlocutory appeal and stay of these proceedings,"

or for this Court to "institute contempt of court proceedings for the Select Committee." *Id.* at 3-4. But the Select Committee is not a party to this case, and criminal discovery rules are not meant to allow a defendant to force the Court to investigate Congress—and Montgomery fails to cite any authority which would allow the relief he requests. Accordingly, the United States requests that the Court deny Montgomery's motion to dismiss the case, and for the other relief requested, as meritless for the reasons stated herein.

## BACKGROUND

Based on his actions on January 6, 2021, Montgomery is charged with obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. § 1512(c)(2), assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1), civil disorder in violation of 18 U.S.C. § 231(a)(3), and multiple misdemeanor charges. ECF 165 (Third Superseding Indictment).

## ARGUMENT

Dismissal of an indictment is an extraordinary remedy because of the public's interest in the administration of criminal justice. See *United States v. Stokes,* 124 F.3d 39, 44 (1st Cir. 1997); *see also United States v. Morrison,* 449 U.S. 361, 365, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981) (concluding that the dismissal of an indictment was unwarranted absent a constitutional violation that prejudiced defendant's case); *Whitehouse v. United States Dist. Court,* 53 F.3d 1349, 1359 (1st Cir.1995) ("When a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury. That power is appropriately reserved, therefore, for extremely limited circumstances."). Montgomery provides no evidence that the Government, whether the Select Committee or the U.S. Attorney's Office, has destroyed evidence

relevant to his case, and misstates the Government's obligations under *Brady* and the Jencks Act. Therefore, the Court should deny Montgomery's motion.

### I.     Montgomery provides no evidence that the Government destroyed evidence relevant to his case.

Montgomery alleges—but fails to show—that Congress destroyed evidence relevant to his case. ECF 165 at 5-7. To support an allegation of a loss of material evidence, a defendant must make a showing that the information purportedly destroyed was both material and favorable to the defense, and a reasonable likelihood that the testimony would affect the outcome of the case. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873, 102 S.Ct. 3440, 3450 (1982). Montgomery's motion does not show that evidence was destroyed, nor that any supposedly destroyed evidence was material or would affect the outcome of his case.

Montgomery's allegation that Congress destroyed evidence is premised on what he labels as Representative Barry Loudermilk's "revelation" regarding the Select Committee. ECF 165 at 2-3. In fact, it appears that Rep. Loudermilk made no such allegation. In his August 8, 2023, letter to the Special Counsel to the President, Rep. Loudermilk complained (1) about the failure of the Select Committee to provide indices to Rep. Loudermilk's subcommittee; (2) about the failure of the Select Committee to turn over videos of depositions to Rep. Loudermilk's subcommittee (although it appears the subcommittee was given transcripts of those depositions); and (3) that the Select Committee should have investigated, but did not investigate, security failures at the Capitol on January 6, 2021.[1] Montgomery may have labeled it a "revelation" based on the headline and

---

[1] *Id.*; *see also* https://static.foxnews.com/foxnews.com/content/uploads/2023/08/Loudermilk-Letter-to-WH-Counsel-8.8.23.pdf

3

lede of the news article he cites, which allege a failure to preserve records.[2]

## II.     Montgomery misstates the Government's *Brady* obligations.

Montgomery argues that the Department of Justice violated *Brady v. Maryland*, 373 U.S. 83 (1963) in failing to produce "deleted," "misplaced, disorganized, or otherwise unavailable" records, which he only vaguely describes. ECF 165 at 9-10.

In *Brady*, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. 83, at 87. The Government has "an affirmative duty to disclose exculpatory evidence to the defense, even if no request has been made by the accused." *United States v. Borda*, 848 F.3d 1044, 1066 (D.C. Cir. 2017). "Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady* rule." *United States v. Badley*, 473 U.S. 667, 676 (1985).

However, *Brady* does not impose an "undifferentiated and absolute duty to retain and to preserve all material that might be conceivable evidentiary significance" even in a particular prosecution. *Arizona v. Youngblood*, 488 U.S. 51, 57–58 (1988). A defendant must show bad faith on the part of police before a sanction is imposed if potentially useful evidence is lost by the very police investigating a particular defendant's case. *Id*.

Montgomery asks the Court to treat Congress as an arm of the prosecution team, ECF 165 at 5-7. It isn't, and Montgomery cites no law establishing otherwise. Of course, materials the Government obtained from the Select Committee must be disclosed to Montgomery consistent

---

[2] ECF 165 at 3; https://www.foxnews.com/politics/j6-committee-failed-to-preserve-records-has-no-data-on-capitol-hill-security-failures-gop-charges

with the Government's obligations under *Brady*. *"*But the Government need not—indeed, it cannot—produce information or materials 'in the possession of Congress' but not in the possession of the Department of Justice or another executive agency." *United States v. Nordean*, 2022 WL 2292062, at *2 n. 4 (D.D.C. June 24, 2022), citing *United States v. Trie*, 21 F. Supp. 2d 7, 25 n.17 (D.D.C. 1998) ("The Congress is not an 'agency,' and the DOJ has no obligation under *Brady* to disclose information in the possession of Congress that is not also in the possession of the DOJ or the FEC."); *cf. United States v. Safavian*, 233 F.R.D. 12, 14 (D.D.C. 2005) ("Congress is a separate branch of the government and was not intended by the Rules writers to be included within [Federal Rule of Criminal Procedure] 16.").

Moreover, the materials to which Montgomery refers are not actually material to the case against him. Congress, a separate branch of government from the U.S. Attorney's Office, investigated the totality of the events of that day. House Resolution 503 described the purpose of the Select Committee as, "[t]o investigate and report upon the facts, circumstances, and causes relating to the January 6, 2021, domestic terrorist attack upon the United States Capitol Complex…" House Resolution 503, available at https://www.congress.gov/bill/117th-congress/house-resolution/503/text) (last visited August 27, 2023). Additionally, the Select Committee was charged with examining "influencing factors that fomented such an attack on American representative democracy while engaged in a constitutional process." It did not investigate the role of Montgomery. Select Committee documents would bear no more than "some abstract relationship to the issues in the case." *Libby*, 429 F. Supp. 2d 1, at 7. The documents are thus not material because they would not refute some aspect of the government's case in chief. *Armstrong*, 517 U.S. 456, at 463; *Rashed*, 234 F.3d 1280, at 1285.

5

Montgomery has not shown that any evidence significant to the outcome or even relating to his case was ever held, much less lost, by Congress. More to the point, he has not alleged that material evidence <u>relating to his case</u> was lost by the United States or the FBI, much less that it was lost in bad faith. Thus, he has not met any requirement justifying the extraordinary sanction of dismissal.

### III.     Montgomery misstates the Government's Jencks Act obligations.

Montgomery also argues that the Department of Justice has not complied with its obligations under the Jencks Act, 18 U.S.C. § 3500, in failing to produce materials from the Select Committee. ECF 165 at 9-10.

The Jencks Act provides that "no statement" of a Government witness "shall be the subject of discovery or inspection until said witness has testified on direct examination" at trial. 18 U.S.C. § 3500. If the United States fails to provide such statements, the court "shall strike from the record the testimony of the witness." *Id.*

Chief Judge Boasberg denied an almost identical motion filed by the defendant in *United States v. Zink*, 21-CR-191-JEB, ECF 82. The Court explained in *Zink* that the defendant's argument was entirely predicated on "one news article," (the same article that Montgomery relies upon here), and ruled that the article was "too thin a reed to support Zink's conclusion that the Committee lost or destroyed any evidence." *Id.* at 5. More importantly, neither this article nor anything else in his Motion shows that Congress even had, much less lost or destroyed, evidence that pertained to Zink's case in particular. His Motion accordingly fails for the additional reason that it lacks a factual basis." *Id.*

Like in the motion in *Zink*, Montgomery baselessly alleges that videos and transcripts of "around 1,000 interviews, mostly in private depositions" taken by the Select Committee and that "the vast majority of these witnesses would be exculpatory and probative…." ECF 165 at 10. His wildly broad assertion is completely unsupported. There is no reason to believe that any of the witnesses expected to testify at Montgomery's trial provided a statement or deposition to the Select Committee, nor that any such material was in the possession of the prosecution team, even if it did exist, so there can be no violation of the Government's Jencks obligations.

## CONCLUSION

Montgomery's motion to dismiss should be denied because it lacks factual and legal bases.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Carolina Nevin*
CAROLINA NEVIN
Assistant United States Attorney
NY Bar No. 5226121
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-803-1612
carolina.nevin@usdoj.gov

*/s/ Kelly E. Moran*
KELLY E. MORAN
Assistant United States Attorney
NY Bar No. 5776471
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-740-4690
kelly.moran@usdoj.gov