UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| PATRICK MONTGOMERY, | ) | 1:21-cr-00046-RDM- |

Defendant Patrick Montgomery, via counsel, hereby submits this Sentencing Memorandum. Montgomery should be sentenced to one year probation, no restitution, and no fine. If Montgomery is sentenced to any jail time, we request that Montgomery be given credit (or half credit) for the 42 months he spent on house arrest in this case.[1]

At this point, Montgomery stands convicted of just one count of assault under 18 U.S.C. §111(a). The government, and the Court, have dismissed the Section 1512(c)(2) count (Count 10). Further, Montgomery's §111(a) ('assault/resist/oppose/impede') conviction cannot be treated as 'aggravated' because there are no underlying or other felonies which Montgomery can be said to have intended to commit.

Montgomery's assault/impede occurred during moments of crowd chaos on the Capitol's west side when lines of police were in various pushing matches with

---

[1] Montgomery's house arrest conditions were unusually imposed, as explained below.

demonstrators. Montgomery grabbed an officer's swinging baton after the officer, Daniel Hodges, had been thrashing the baton amidst the crowd. At the time Montgomery grabbed Hodges' baton, at least two other demonstrators had already grabbed at the baton. Under these conditions, Montgomery's conduct can be seen as limited self defense or defense of others.[2]

Significantly, the PSR in this case was drafted and calculated at a time when Count 10 (the most serious count in the case) was still existent. Since the drafting of the PSR, the government and the Court have dismissed the 1512(c)(2) count pursuant to the Supreme Court's ruling in *Fischer v. United States* that the charge does not apply to circumstances such as Montgomery's.

MONTGOMERY'S GUIDELINE CALCULATION

Montgomery therefore provides his own Guidelines calculation:

**Offense Level Computation** (2023 US Sentencing Guidelines)

Count 1: Assaulting, Resisting, or Impeding Certain Officers, 18 U.S.C. § 111(a)

The applicable guideline as to Count 1 is **USSG §2A2.4.**

**Base Offense Level:**
The base offense level is **10**
**Specific Offense Characteristics:** None.   0
**Victim Related Adjustment**: (If USSG §3A1.2(a)(1) and (2) are
found to apply) USSG §3A1.2(b).   +6
_____

---

[2] Obviously, Montgomery was convicted of the 111(a) offense. However, the fact that two other protestors had previously tried to grab Hodges' baton illustrates that Hodges' baton stood out to protestors as an item of peculiar focus. Video exhibits show Hodges was wielding and swinging the baton extremely aggressively, compared to other officers.

Total criminal history points:                                                                               **16**

The sentencing table indicates that someone with Montgomery's criminal history (1 point) with 16 criminal history points is in a sentencing range of **21-27 months.**

Note that Montgomery submits he did <u>not</u> 'select' his victim because of the victim being a law enforcement officer. Montgomery objects to the 6-point enhancement. Thus, more properly, Montgomery should be in the **6-12 month** range.

Officer Hodges was not seeking to arrest Montgomery. Montgomery was engaged in a large-scale political demonstration, and officers were using force to remove the demonstrators from the grounds. Montgomery's offense occurred by happenstance, at the spur of a moment when Montgomery's situation was rapidly changing and uncertain.

**The Circumstances Behind Montgomery's House Arrest.**

While out on bond, Montgomery went hunting legally with a firearm. The FBI and the prosecution presented to the Court that Montgomery was a felon in possession of a firearm for doing so. While it is true that Montgomery was convicted of felonies in the state of NM in 1996, and served over 3 years time on a 6 year sentence, the operation of NM law reinstatates all rights after 10 years. Thus, New Mexico law restored Montgomery to Full Citizenship under NM and

Federal law after 10 years from the completion of that sentence, meaning 2011. Therefore, Montgomery was no longer a felon nor prohibited from possessing a firearm, at the time.

This is a key point as to why Montgomery should receive credit for time served on home incarceration.  Montgomery has served a two-year house arrest sentence based upon inaccurate assertions by Probation and the prosecution.

For this reason, Montgomery should get time-served credit, or half credit, for the time Montgomery spent on house arrest.

MONTGOMERY'S BACKGROUND AND HISTORY OF GOOD WORKS AND CIVIC INVOLVEMENT.

Born in Albuquerque, New Mexico in 1972, Patrick Montgomery started hunting and fishing at a very early age with his dad Johnny, and younger brother David. At the age of sixteen, Montgomery started working as a fishing guide during the summers in Alaska for Lynn Castle. After graduating high school, Montgomery started guiding hunts for an outfitter in the fall, and going to school at NMSU in the spring and summer studying Wildlife Science. Montgomery moved to Chama in northern NM and hired on at The Lodge at Chama as a full-time hunting and fishing guide.

In 2001, Montgomery left NM and moved to Colorado, working for Aaron Neilson of Global Hunting Resources. Since then, Montgomery has been focused on guiding hunts and also spent 15 years as a whitewater rafting guide in Colorado.

When not out guiding, Montgomery has been working as an international hunting videographer, filming for various TV shows on the outdoor channel such as *Trijicon's World of Sports Afield*. Montgomery tries to write about some of his adventures, being published in Australian and *International Trophy Hunter*, *Eastman's Journal*, and *Western Hunter*.

Montgomery married his wife Heather 11 years ago after dating for 3 years before that. He raised his step daughter Haiden from the time she was 6 years old. She's a Senior in college at the University of South Florida in Tampa.

Montgomery's main passion in life besides family has been raising and training hound dogs. That process played a large role in helping him achieve sobriety for over 7 years now as he found it to be therapeutic. Raising the dogs gave him a lot of time for reflecting on life and his relationship with God while outside in the mountains of Colorado.

MONTGOMERY'S SPECIAL CIRCUMSTANCES WARRANT DOWNWARD DEPARTURE AND/OR CONSIDERATION.

Patrick Montgomery has special circumstances that warrant a non-custodial sentence. Montgomery and his wife presently live alone in Colorado, as their daughter has gone off to college in Florida. Montgomery's mother is currently in an assisted living facility in Knoxville, Tennessee. Montgomery and his wife are

seeking to have Montgomery's mother relocated to Colorado so that Montgomery can care for her. Montgomery's mother has had cancer and suffers from severe chronic illness requiring Montgomery's attendance and care.

Additionally Montgomery is the caretaker of six trained hunting dogs which Montgomery raised and trained since birth. Montgomery's wife has no ability to care for the dogs and thus the dogs may need to be put down if Montgomery is incarcerated.

The Montgomerys have received numerous threats, including death threats, since Montgomery's name appeared in news reports as a January 6 defendant. Montgomery's wife will face hardship and safety concerns if Montgomery is sentenced to prison.

Montgomery attaches a detailed letter, and several letters of recommendation.

For all the foregoing reasons, the Court should sentence Montgomery to a probation sentence, no fine, and no restitution. Montgomery should be given some credit for the 3-1/s years he has spent on home confinement.

October 24, 2024                              **RESPECTFULLY SUBMITED,**

                                   */s/ Roger Roots*
                              Roger Roots, Esq.
                              *Counsel for Defendant*
                              Roger Roots
                              10 Dorrance Street
                              Suite 700 #649
                              Providence, RI 02903
                              775-764-9347
                              rroots@johnpiercelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date my law firm is filing the foregoing with the Court by its ECF record-keeping and filing system, which automatically provides a copy to all attorneys of record.

          */s/ Roger Roots*

          Roger Roots